## SUPREME COURT.

THE UNION BANK agt. JACOB H. MOTT and GARRETT S. MOTT.

An *amendment* to the *complaint* allowed, *by the court*, during the trial before a referee, so as to include claims made by the plaintiff *as assignee*, with those made in its own right, by the original complaint.

Where judgment by default had been entered against one of the defendants, and subsequently opened to allow the defendant to come in and defend on terms, one of which was that the judgment should stand as security, *held*, that the defendants were not entitled, *as one of the terms of amendment*, to have such judgment *set aside*. It could stand, however, only as security for any claim which might be recovered under the *original complaint*.

But where the *bail* given by the defendants, under an order of arrest, was very large, and it appeared that the amount recoverable under the original complaint was comparatively small; and upon the facts presented on the motion for amendment it was doubtful if an order of arrest would have been granted; the undertaking and bail were *discharged*, without prejudice to a new application for arrest under the amended complaint.

The order of *reference* was directed to stand, as a number of days had been spent in taking testimony, which would be applicable to the case as amended, and no objections being made to the referee.

Where the court on granting such amendment can see that no *demurrer* would lie unless upon the ground that the complaint does not state facts sufficient to constitute a cause of action, which can be raised as well *upon the trial* as by demurrer, and where the answers already in put the plaintiff to the proof of the whole case, it will refuse to allow the defendants to demur or answer *anew*, as terms of the amendment.

*New York Special Term, May,* 1860.

THIS action was commenced in March, 1859; the complaint charged the defendants with an indebtedness of $141,586, for moneys fraudulently obtained from plaintiff between the first day of January, 1849, and the 16th day of March, 1858, by means of overdrafts and false entries in the books of account of the plaintiff, in collusion and with the aid of a book keeper in the employ of the plaintiff during that time.

A judgment was obtained by default against Garrett S.; the default was afterwards opened on terms but the judgment ordered to stand as security. Both defendants, by separate answers, denied the complaint, and set up the statute of limitations. After answer, the defendants were arrested and held to bail in the sum of $142,000.

The cause was by consent referred, and, on the hearing before the referee, the evidence given covered the whole period stated in the complaint, from which it appeared that the plaintiff was an institution organized under the general banking law, in December, 1852, and commenced business January 1, 1853; that the institution known as the Union Bank, existing before the last date, was chartered in 1811, by the name of the president, directors and company of the Union Bank of the city of New York, and that said charter expired, and said bank ceased to exist on the last day of December, 1852, that all the claims against the defendants but $1,000 occurred previous to 1853, and were held by the plaintiff, as assignee.

Upon the close of the proof, it was insisted that under the complaint the plaintiff was not entitled to recover for

any claim accruing prior to 1853. The plaintiff claimed that the referee should conform the pleadings to the facts proved, but he declined.

The plaintiff then moved before the referee for leave to amend the complaint, by inserting another count for the claim accruing prior to 1853, as assignee. This motion the referee granted. The defendants obtained an order for the plaintiff to show cause why the said order of said referee should not be vacated; and after hearing, said order was set aside, with liberty to plaintiff to apply to the court by motion for leave to amend; which is the motion now under consideration.

S. A. FOOT, *for plaintiff.*
D. D. FIELD, *for defendant, Garrett S. Mott.*
C. GANUN, *for defendant, Jacob H. Mott.*

JAMES, Justice. The only questions properly before me for consideration, are whether the amendment asked for should be allowed, and if so, upon what terms and conditions. As I understand the Code, it was intended to give a party every facility of amendment consistent with a proper regard for the rights of the other party to the action. It conferred upon parties or the court, the power of amendment in every stage of the action. Section 172 provides for amendments of course, before trial; sections 169 and 170 provide for amendments by the court during the trial; which power is also conferred upon referees by section 272; and section 173 confers upon the court at any stage of the action, in furtherance of justice, and on such terms as may be proper, the power to allow an amendment of any pleading, process or proceeding, by adding or striking out the name of any party, by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially

the claim or defence, by conforming the pleading or proceeding to the facts proved.

The amendment asked in this case is to insert other allegations material to the case. The case, as stated in the original complaint, is to recover for money fraudulently obtained from the plaintiff, between January, 1849, and March, 1858. It appears that the plaintiff is a corporation created in December, 1852, which succeeded to all the property, rights, &c., of another institution of nearly the same name, the charter of which expired on the last day of December, 1852, the plaintiff continuing the same business, in the same place, with the same clerks, &c., as the old bank. All the indebtedness accruing before 1853, was to the old bank instead of to the new, and belong to the plaintiff by assignment; hence the amendment proposed is necessary to show plaintiff's title to that part of the demand. It comes clearly within both the letter and spirit of section 173 of the Code. Of the power of the court to grant such amendment, I have no doubt.

Whether the claim, alleged to be due from the defendants to the above bank, and assigned, is capable of assignment, it is not now necessary to decide—the full facts upon that point were not presented for my consideration. For the purposes of this motion I assume that it was, and therefore the claims held as assignee, and those due to plaintiff in its own right could be joined in one action, and it would therefore be in furtherance of justice to allow this amendment to be made, rather than turn the plaintiff over to another action.

The defendants insist that if the motion is granted, it should be only on condition that the judgment obtained by default, and the order of reference be vacated, the bail given on the arrest discharged, and the defendants permitted to demur or to answer anew, the amended complaint, and that plaintiff pay all costs accruing since the service of the original complaint, with costs of this motion.

I do not understand that allowing this amendment enlarges the judgment obtained by default, or extends it as a security for any matter which could not be recovered under the complaint upon which this judgment was entered. Such judgment can only stand as security for such subsequent judgment as may be obtained for the consideration stated in the original complaint. To that extent, I can see no impropriety or injustice in allowing it to stand.

The bail, in this case, is very large; and the amount recoverable under the original complaint comparatively small. To continue the bail at its present amount, would be oppressive and unjust. Upon the facts, as presented on this motion, it is doubtful if an order of arrest would have been granted. I shall, therefore, direct the undertaking and the bail to be discharged, but without prejudice to any new application for an order of arrest, under the amended complaint.

I can see no reason for vacating the order of reference. Twenty-two days have already been spent in taking testimony, all of which is applicable to the case, if amended, and will have to be gone over again, if the order of reference be discharged. In fact, the whole trial, as far as it has proceeded, was upon the same questions as will arise under the amended complaint; and as no objection is made to the referee, the order should stand, and the testimony already taken made applicable to the pleadings as amended.

It was not made to appear why or wherein a demurrer or a new answer would be essential to protect the rights of the defendants, in case the motion to amend was granted. The original complaint and the amendment proposed being presented, the court can see that no demurrer would lie, unless upon the ground that the complaint did not state facts sufficient to constitute a cause of action; and that question can be raised as well upon the trial as by demurrer. (*Code*, § 148.) And, in the absence of cause, the answers already in, as they put the plaintiff to the proof

of the whole case, and interpose the statutory bar, may be extended to the amended complaint, without injustice to the defendants.

Upon such amendment being made, the parties will be prepared to proceed in the trial of the cause before the referee, at the place where they left off before this motion was made.

The motion to amend is granted, upon the foregoing terms and conditions, and on plaintiff's paying the attorneys of each party $10, costs of this motion.