Daniel A. Mowry, Jr., Respondent, *v.* Simon W. Rosendale, as Receiver, etc., Appellant.

Where, in an action upon a policy of life insurance, the defense is breach of warranty, based upon statements in the application, and it is claimed upon the part of plaintiff that such statements were inserted by defendant's agent without collusion or fraud upon the part of the insured, and so, that defendant is estopped from claiming their error or falsity as a breach, it is not necessary, in order to establish the agency, to show that the alleged agent had a written appointment, or had previously acted as agent, or that defendant knew that the application was filled up by him. If the person who did fill up the application is adopted and recognized by defendant as its agent *in procuring the risk,* this is sufficient, and the doctrine of estoppel applies.

In an action upon such a policy, plaintiff's evidence tended to show that J. & W. were doing business together as insurance agents, J. being general agent of the Home Life Ins. Co.; they induced plaintiff and M. to sign a blank application for insurance upon the life of the latter, which was filled up by W., signed by him as agent, and delivered to J., who went with it to the office of the World Mutual Life Ins. Co., where he was introduced by an officer of the Home Life Ins. Co. as its general agent. The president of the "World" struck out of the application the printed word "Home," inserting instead "World Mutual," then accepted the risk, allowing to J. the usual commission as agent, and the transaction

and his name, as agent, were entered upon the company's books. The policy and premium receipt were delivered to J., who delivered it to plaintiff. *Held*, that the evidence was sufficient to authorize a finding by the jury that the officers of the "World" adopted the acts of J. & W., in procuring the risk, as those of their agents; and that said company was estopped thereby from claiming a breach of warranty.

(Argued June 17, 1878 ; decided September 17, 1878.)

APPEAL from order of the General Term of the Court of Common Pleas, in and for the city and county of New York, reversing a judgment in favor of defendant, entered upon an order dismissing the complaint on trial, and granting a new trial.

This action was originally commenced against the World Mutual Life Insurance Company, upon a policy issued by said company to plaintiff upon the life of Nelson H. Mowry.

The defense was a breach of warranty, which was based upon alleged false statements in the written application for insurance.

The present defendant having been appointed receiver of said company, was substituted as defendant in its stead.

The facts pertinent to the questions discussed are sufficiently set forth in the opinion.

*W. P. Prentice*, for appellant. Plaintiff, whether Shepley is held to be his agent or not, must be held to his own declarations and his warranty. (*Jeffries* v. *Life Ins. Co.*, 22 Wal., 47, 56; *Barteau* v. *Phœ. Mut. Life Ins. Co.*, 67 N. Y., 595; *Flynn* v. *Eq. As. Soc.*, id., 500.) Shepley was not defendant's agent, and it could not be held to be estopped by his acts. (*Smith* v. *Kidd*, 68 N. Y., 130, 141, 142; *Bank* v. *Walker*, 66 id., 424; 67 id., 500; *Estavez* v. *Purdy*, 66 id., 446.)

*Julien T. Davies*, for respondent. Defendant cannot claim breach of warranty as to any statements in the application filled in by Shepley. (*Young* v. *Hartf. F. Ins. Co.*, 6 Ins. L. J., 543.) The Shepleys were agents of the World Insur-

ance Company when soliciting and procuring the insurance, and it is bound by their acts. (*Bodine* v. *Exchange F. Ins. Co.*, 51 N. Y., 117; *Post* v. *Ætna Ins. Co.*, 43 Barb., 361; Wharton on Agency, § 69, p. 42; *Haseler* v. *Dugan*, 5 C. B. [N. S.], 530; 59 Ill., 33; *Hawkins* v. *Baker*, 46 N. Y., 666; *Curtis* v. *Leavitt*, 15 id., 47; *Shaft* v. *Phœnix Mut. L. Ins. Co.*, 8 Hun, 632; *Meehan* v. *Forrester*, 52 N. Y., 277; *Westchester Fire Ins. Co.* v. *Earle*, Ins. Law Jour., 61, vol. 5, 1876; *Bennett* v. *Judson*, 21 N. Y., 233; *Mundorff* v. *Wickesham*, 63 Penn., 87; *Booth* v. *Burel*, 40 Barb., 114; *Beale* v. *Park Fire Ins. Co.*, 16 Wis., 257; *Mass. Mut. L. Ins.* v. *Echelman*, Ins. Law Jour., vol. 7, 125.) The acts of the Shepleys in procuring the application were adopted, and their agency established and ratified by the company. (*Curtis* v. *Leavitt*, 15 N. Y., 47; *Bennett* v. *Judson*, 21 id., 239; *Hawkins* v. *Baker*, 46 id., 670; *Lawrence* v. *Tayler*, 5 Hill, 107; *Maclean* v. *Dunn*, 4 Bing., 722; 15 C. E. R., 129; *Woodbury Sav. Bk.* v. *Ch. O. L. I. Co.*, 31 Conn., 317.) The action of the company was such as to estop it from claiming breach of warranty as to any of the answers filled in in the application by Wm. T. Shepley. (*Baker* v. *Home L. Ins. Co.*, 5 Ins. L. J., 662; 64 N. Y., 648; *Combs* v. *Hannibal Sav. and Ins. Co.*, 43 Mo., 148; *Plumb* v. *Cattaraugus Co. Mut. Ins. Co.*, 18 N. Y., 392; *Brown* v. *Same Co.*, id., 385; *Jennings* v. *Chenango Co. Mut. Ins. Co.*, 2 Denio, 75; *Kenedy* v. *St. Lawrence Mut. Ins. Co.*, 10 Barb., 285; *Chase* v. *Hamilton Ins. Co.*, 20 N. Y., 52; *Insurance Co.* v. *Wilkinson*, 13 Wall, 222; *Kingston* v. *Ætna Ins. Co.* [Iowa Sup. Ct.], Ins. Law Jour., vol. 5, 352; *Mentz* v. *Lancaster Ins. Co.* [Penn. Sup. Ct.], Law Jour., vol. 5, 447; *Planters' Ins. Co.* v. *Myers*, Ins. Law Jour., vol. 7, 56; *Woodbury Sav. Bk.* v. *Charter Oak Ins. Co.*, 31 Conn., 517.)

HAND, J. Whether the evidence authorized the jury to find all the statements made in the written application, and relied upon by the defendant as warranties to be in fact true, it is not necessary to decide, in the view we take of this case.

The principle, that if the statements in the application, relied upon as breaches of warranty are inserted by the agent for the insurers without any collusion or fraud upon the part of the insured, the insurer is estopped from setting up their error or falsity as breach of warranty, seems now well settled. (*Baker* v. *Home Life Ins. Co.*, 64 N. Y., 648; *Maher* v. *Hibernia Insurance Co.*, 67 id., 283; *Rowley* v. *Empire Ins. Co.*, 4 Abb. Ct. App. Dec., 131; *Insurance Co.* v. *Wilkinson*, 13 Wall, 222; *Insurance Co.* v. *Mahone*, 21 id., 152.)

The question, therefore, whether the evidence authorized a finding that the Shepleys, who filled up the answers in this application, after it was signed by the plaintiff and Nelson Mowry and had been taken away to their office in Boston, were agents of the World Insurance Company within the principle above stated, is a decisive one on this appeal.

We are inclined to think that the court below was right in holding the affirmative of this question and in granting a new trial upon that ground. Testimony, sufficient to go to the jury, was given tending to show that the Shepleys, William T. and John, were insurance agents engaged in the business of soliciting persons to take policies in insurance companies and receiving a percentage from such companies on all premiums. John Shepley was the regularly appointed agent of the Home Insurance Company at Providence where the plaintiff and Nelson H. Mowry resided. William T. was connected with him as partner in the insurance business, and at their principal office in Boston, both their names were up. William T. had solicited risks for the defendant previously. Having already procured Mowry to take insurance in the Home Insurance Company, they both together induced him to sign the blank application which was subsequently filled up by Wm. T. Shepley at their Boston office, and with it so filled, John Shepley went to the defendant in New York and was introduced by the actuary of the Home company as their general agent at Providence. The president of the defendant struck out the printed word "Home" in the application and inserted "World Mutual," and, assuming

that an application presented by a general agent of the Home Insurance Company would be filled up right, accepted the risk, allowing John Shepley the usual commissions as agent. His name was at once entered in the "Agents Register and Tickler" of the defendant and this transaction as his first transaction as agent. The policy and premium receipt were delivered to him by the defendant, and by him delivered to the plaintiff, and the receipt countersigned by him as agent. In the application as delivered to the defendant's president, the name of Wm. T. Shepley appears indorsed as "agent."

Upon this evidence I think the jury could find that the defendant's officers, assuming perhaps that the acts of the Shepleys with reference to this application, originally and previous to the introduction of John to them, were performed as agents of the Home or some other insurance company, adopted them as the acts of their own agents and substituting their own name for that of the Home at the head of the application issued their policy upon the application, precisely as if procured by one of their own regularly appointed agents. It seems clear that if the Home Insurance Company had issued a policy upon this application, it would, under the principle already mentioned, have been estopped by the statements in the application; and the transaction was one in which the defendant intentionally, as to the application, substituted itself in place of the Home company; making the agent of the former, in this particular, its own. It could not have been understood by the officers of the defendant that the Shepleys were acting on behalf of the plaintiff and as his agents in presenting the application to them · for the application signed by him and Nelson was addressed to the Home company and was made up and presented to these officers of the defendant by a person known to them to be the general agent of the Home company, and accepted upon their faith in the assumed responsibility and accuracy of a general agent of that company in filling up applications.

It was not necessary to the existence of the agency that either Shepley should have received a written appointment

or should have been previously agent of the defendant. Nor was it necessary to the application of this principle of estoppel that the insurer should know that the application was filled up by its agent. If the person who actually filled up the application is adopted and recognized as its agent *in procuring the risk*, this seems sufficient.

It was, as we think, justly contended by the counsel for the defendant, that if the written answers were inserted in accordance with the instructions given by Mowry and his oral answers to the questions put by Shepley—the fact that the insurance agent in the absence of the assured filled up the application would not relieve the plaintiff from the consequences of the falsity of such written answers. But whether this was so, was in this case a question of fact for the jury. Shepley's testimony conflicted with itself on cross and redirect examination upon this point, and the plaintiff himself swore that he was present all the time at the interview when Nelson signed the application, and that no questions were asked by Wm. Shepley.

The order granting a new trial must be affirmed with judgment absolute for the plaintiff.

All concur, except MILLER and EARL, JJ., absent.

Order affirmed.