ANDREW MIAGHAN, RESPONDENT, *v.* THE HARTFORD FIRE INSURANCE COMPANY, APPELLANT.

*Policy of insurance— the knowledge of its agent estopps the company from setting up a breach of condition — the plaintiff may claim a greater amount than that stated in the proofs of loss — when he may show that he did not read the policy — construction of a clause as to occupation of premises.*

Upon the trial of this action, brought upon a policy of insurance, it appeared that the plaintiff, who was in possession of a house and lot, under an executory contract for the purchase thereof, applied to the defendant's agent for and received a policy insuring the building and the furniture therein, stating to the agent at the time of the application the nature of his interest in the property. The policy, however, did [not contain any statement to that effect. The defense was based upon a condition in the policy to the effect that if the assured was not the sole, absolute and unconditional owner of the property and such fact was not expressed in the written portion thereof, then the policy should be void; the policy also provided that no officer or agent or representative of the company should be held to have waived any condition of the policy, unless such waiver was indorsed thereon.

*Held*, that the company was estopped by the knowledge of its agent from setting up the breach of the condition.

In the original verified complaint and in the proofs of loss the plaintiff stated

his loss at $800. Upon the trial he was allowed, against the defendant's objection and exception, to amend his complaint so as to demand the amount named in the policy, viz., $2,000. *Held*, no error.

The plaintiff was, against the defendant's objection and exception, allowed to testify that he did not read the policy when it was delivered to him.

*Held*, no error ; that it tended to show that he relied on the agent's acts.

The policy contained a provision that, "if the premises hereby insured shall become vacant or unoccupied or, if the property insured be a mill or manufactory, shall cease to be operated and so remain for a period of more than fifteen days, without notice to the company and consent indorsed thereon, in every such case the policy shall be void."

*Held*, that the words, "and so remain for a period of more than fifteen days," applied to a case where a house became vacant or unoccupied, as well as to one where a mill or manufactory ceased to be operated.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes.

The case has been tried twice. The General Term reversed the judgment rendered for the plaintiff on the first trial on the ground that the evidence authorized no reformation of the contract. On the present trial the plaintiff was permitted to waive any reformation and recover a judgment on the contract made by the defendant.

The action was brought upon a policy of insurance issued by the defendant to the plaintiff for $2,000 — $1,700 on his dwelling and additions thereto situated in Ballston Spa, $300 on furniture. The complaint alleges that the plaintiff's interest in the house at the time it was destroyed by fire was upward of $800, and furniture $225. The complaint also alleges that at the time of the insurance the plaintiff was the equitable owner of the dwelling, and lot on which it stood, having a contract for the purchase thereof and that he had no deed of the same, and that these facts were stated to the defendant by the plaintiff, and were well known to the defendant when the policy was issued, and that the policy was written by the defendant without any statement of these facts, and that the plaintiff did not know of such omission until after the loss and damage, and prayed for a reformation of the policy and for judgment for $1,025 with interest from December 2, 1874.

Upon opening the case plaintiff's counsel asked leave to amend the complaint by claiming the face of the policy. This was objected to by defendant, but was granted, and an exception taken

by defendant. The policy contained a clause that "if the assured is not the sole, absolute and unconditional owner of the property insured, or (if such property be a building or buildings) of the land on which such building or buildings stand, by title in fee simple, and this fact is not expressed in the written portion of the policy," or "if the premises hereby insured shall become vacant or unoccupied or, if the property insured be a mill or manufactory, shall cease to be operated, and so remain for a period of more than fifteen days without notice to the company, and consent indorsed hereon, in every such case the policy shall be void."

It also provided that "no officer, agent or representative of the company shall be held to have waived any condition of the policy unless such waiver is indorsed thereon."

*Samuel Hand* and *Matthew Hale,* for the appellant.

*Esek Cowen,* for the respondent.

LEARNED, P. J.:

"The principle that if the statements in the application relied upon as breaches of warranty are inserted by the agent for the insurers without any collusion or fraud on the part of the insured, the insurer is estopped from setting up their error or falsity, seems now well settled." (*Mowry v. Rosendale,* 74 N. Y., 360; *Whited v. Germania Fire Ins. Co.,* 76 id., 415; *Pelton v. Westchester Ins. Co.,* 77 id., 606; *Grattan v. Met. Life Ins. Co.,* 21 Alb. Law. J., 188.) In the present case the jury have found that the plaintiff told to the agent of the defendants exactly what his title was, and that the agent with that knowledge issued the policy in its present form. That brings this case within the rule of the recent decisions above cited, and others of a similar effect.

It is urged by the defendant that by the policy no agent of the company could waive any of the terms or conditions unless such waiver should be indorsed thereon in writing, and that the condition that the policy should be void if the assured was not the absolute owner, and that fact was not expressed in the written portion of the policy, had not been thus waived. But a moment's consideration will show that this condition cannot apply. To write a waiver of

the requirement that the assured should state that he was not absolute owner would only be to state in awkward language that the assured was not the absolute owner; and that is the very thing which the jury have found that the agent knew and neglected to write.

The defendant insists that the plaintiff should have been nonsuited, on the ground that the premises were vacant or unoccupied at the time of the fire. This question depends on the construction of a clause in the policy. We think that the meaning of that clause is, that the policy is to be void if the premises become vacant or unoccupied, and so remain for a period of more than fifteen days without notice, etc. If the property be a mill or manufactory, the ceasing to be operated is equivalent to vacancy, etc.

The question of fact as to whether the premises were vacant or unoccupied for fifteen days was submitted to the jury.

We do not think there was any improper use of discretion in allowing the plaintiff to amend his complaint by increasing the amount demanded. He was not estopped by his proof of loss. (*McMasters* v. *Ins. Co. of N. Am.*, 55 N. Y., 222.) And evidence was subsequently given on the trial that the claim was stated at a less amount in the proofs of loss than the actual damage, in order to obtain a speedy settlement.

We know of no reason why the proofs of loss should be conclusive on the party who makes them. Of course they may be used as evidence against him, because they are his statement. But in no respect have they the qualities needed for an *estoppel in pais.*

Proof that the plaintiff did not read the policy was proper. It tended to show that he relied on the agent's acts. Whether Smith was sufficiently acquainted with the property to express an opinion, was a question which necessarily rested in the discretion of the justice who tried the case, unless there were an entire absence of proof as to his competency.

The judgment and order should be affirmed, with costs.

BOARDMAN and BOCKES, JJ., concurred.

Judgment and order affirmed, with costs.