Follett, J.
Did the district court commit error % This depends upon whether or not Kcmer, in writing the application, did it as agent of the insurance company, and if he did, was the insurance company responsible for the mistake ? For if these two questions are answered in the affirmative, it is not contended that there was error, and Williams would be entitled to the decree and judgment; and if either one is answered in the negative, there was error.
The agent had power to solicit risks for the company, receive applications therefor, and forward the same to the company. It is a general rule that when a power is conferred upon an agent, he has by implication such incidental authority as is necessary to carry his power into effect; and a principal is liable for the wrongful acts of his agent acting within his employment. The principal caiinot take the benefit of the agent’s acts, and avoid their burdens. So complete is the identification of principal and agent, that notice to an agent on the subject of his employment is legally notice to the principal, although it be not in fact communicated to the principal.
Applying these principles to this case, there was no error in the district court. And we are sustained in this view by the weight of modern authority.
In Woodberry Savings Bank and Building Association v. The Charter Oak Fire and Marine Ins. Co., 31 Conn. 517, the supreme court of error say, “ It is the settled policy of our law to treat local agents of insurance companies, who arc authorized to procure and forward applications for insurance, as the agents of the companies, and not of the applicants, in any mistakes of the application made by them or by the applicant under their direction.” In Combs v. Savings and Ins. Co., 43 Mo. 149, the supreme court say, “ The authority of the soliciting agent of an insurance company to take applications for insurance carries with it the legal implication of authority to fill up the application, and do all those things which may be needful in perfecting it.” That was a case sought to be defeated on the ground of false representations and warranties in the application. Here the agent wrote the application, and was given a correct description and told to write it in the application, and by mistake did not do it.
*589 In Rowley v. Empire Ins. Co., 36 N. Y. 550, the court of appeals say: “ An agent, authorized to take applications for insurance, should be deemed to be acting within the scope of his authority, where he fills up the blank application of insurance ; and if, by his fault or negligence, it contains a material misstatement not authorized by the instructions of the party who signs it, the wrong should be imputed to the company, and not to the assured.” And this principle is the'settled law in the state of New York. See Baker v. Home Life Ins. Co., 64 N. Y. 648, 650; Pitney v. Glen’s Falls Ins. Co., 65 N. Y. 23; Mowry v. Rosendale, 74 N. Y. 363; Flynn v. Equitable Life Ins. Co., 78 N. Y. 577. Also in Insurance Co. v. Wilkinson, 13 'Wallace, 223, the supremo court of the United States say: “ lienee, when these agents, in soliciting insurance, undertake to prepare the application of the insured,” . . . . “ they will be regarded, in doing so, as the agents of the insurance companies, and not of the insured.” And this case is approved in Ins. Co. v. Mahone, 21 Wall. 152, and N. J. Mut. Life Ins. Co. v. Baker, 94 U. S. 610. In Massachusetts Life Ins. Co. v. Eshelman, 30 Ohio St. 647, the supreme court commission say: “A sub-agent of a life insurance company appointed to represent it in a particular branch of its business, becomes, in reference thereto, the direct representative of the company, and notice of a fact to him will operate as notice to the company, and it will be bound by acts done by him in respect to that branch of its business intrusted to him.”
As showing this to be the policy of our law, we now have a statute going much beyond this case, passed March 5,1879, and is now section 3644 of Rev. Stats, reading: “ A person who solicits insurance and procures the application therefor, shall be held to be the agent of the party hereafter issuing a policy upon such application or a renewal thereof, any thing in the application or policy to the contrary notwithstanding.”
The district court was fully justified in its decree and judgment, and in holding the insurance company to the correct facts of the application and the actual contract made.

Judgment affirmed.