EDWARD F. SHANAHAN

*vs.*

METROPOLITAN LIFE INSURANCE COMPANY.

Androscoggin.    Opinion April 8, 1895.

</div>

<div align="center">The rule in preceding case applied.</div>

The facts are stated in the opinion.

*F. M. Drew and L. G. Roberts*, for plaintiff.
*J. H. Drummond and J. H. Drummond, Jr.*, for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

FOSTER, J. This is an action for money had and received to recover the amount of premiums paid to the defendant upon a policy of life insurance on plaintiff's life for his own benefit.

January 25, 1889, the plaintiff was induced by the defendant's agent to take a policy of insurance on his own life in the defen-

VOL. LXXXVII.    25

dant company, payable at death to his executor, administrator or assigns, the agent of the company representing that it was not necessary that he should be examined by a physician of the company, and that the defendant would issue its policy on his life although there was no medical examination of the plaintiff, which representations were false and known to the defendant's agent to be so.

The plaintiff, induced by these representations, took out a policy in the defendant company on his own life, and the defendant's agent filled the application and the plaintiff signed it.

The plaintiff was not examined by a physician of the company, although what purports to be a certificate of medical examination of the plaintiff signed by a physician of the company is attached to the application, it having been signed by the company's agent or physician without any examination, or the knowledge or consent of the plaintiff.

February 11, 1889, upon this application and examination the company issued its policy for the sum of five hundred dollars on his life.

The plaintiff is unable to read in the English language, and all the negotiations for the insurance were carried on in the French language.

Pursuant to the conditions of the policy the plaintiff continued to pay the weekly premiums of twenty-seven cents thereon, amounting in the whole to forty-nine dollars and ninety-five cents, until August 22, 1892, when he refused to make further payments of premiums and demanded a return of the premiums paid, upon the ground that the representations of the agent of the company at the time the plaintiff agreed to take the policy were false, and that he was induced to take the policy through said representations.

Upon the foregoing facts the plaintiff claims the policy was void, and that he is, therefore, entitled to recover back in this action the premiums paid upon the policy.

The case shows an insurance regular in every respect with the exception that there was no medical examination, although there was attached to the application a certificate of medical

examination regular in form and purporting to be signed by the company's physician.

The company treated the policy as valid and binding upon the company, and never sought to repudiate it or treat it as anything but a valid contract between it and the plaintiff till long after the 22nd of August, 1892, when the plaintiff himself refused to pay the premiums.

Whatever representations were made, they were those of the company's agents, and the company was bound by them. The company would be estopped from asserting that they were not binding on the company. *Grattan* v. *Met. Life Ins. Co.* 80 N. Y. 281 ; *Mowry* v. *Rosendale*, 74 N. Y. 360.

The facts in the case at bar are so similar to those in the case of *Mailhoit* v. *Met. Life Ins. Co.* ante, p. 374, that any exposition of the law in this case is unnecessary, as the principles governing the decision in this case are stated fully in that, and must be decisive in this. No rescission is set up, or proved by the facts stated. The policy was not void absolutely, but voidable. The risk had begun to run as in the case named. The same consequences follow as in that, and the entry must be,

*Judgment for defendant.*