No. 655.

## The Indiana Farmers' Live Stock Insurance Company *v.* Rundell, Administrator.

Insurance. — *Application.* — *Untruthfulness of.* — *Burden of Proof.* — Where suit is brought on an insurance policy, and the defense is set up that the answers of the insured are untrue, the burden is on the defendant to show the untruthfulness of the statements.

Same.—*Contract of.*— *What Constitutes.* — *Construction.* —*Warranty.*— *Representations.*—The application for, and policy of, insurance, when the former is made a part of the latter, must be construed together as one contract, and statements and answers will not be construed as warranties when the contents and language of the writings justify construing the same as representations. In such construction the courts will be liberal in order to give the policy effect rather than to make it void. And where the terms of such a contract render it capable of two constructions, it will be given the construction most favorable to the assured.

Special Finding.—*Incompleteness of.*—*Presumption.*—Where a special finding of fact as to a material point is not full and complete, it will be presumed to be against the party on whom rests the burden of proof.

From the Owen Circuit Court.

*W. R. Harrison, D. E. Beem* and *W. Hickam,* for appellant.

*J. H. Jordan* and *O. Matthews,* for appellee.

Davis, J.—This was an action on a policy of insurance, to recover damages for the loss sustained on account of the death of the stallion insured, within the term of the policy. The policy was issued on February 16, 1891,

and was a renewal of a former policy. The cause was tried by the court. On the facts specially found, conclusions of law were stated and judgment rendered in favor of appellee.

Concerning the statements in the application, and the finding of facts, counsel for appellant say: "Let us look then to the application in this case and see what was represented and warranted by this insured to procure this insurance policy:

"In answer to the first question, 'What is the cash value of stallion?' his answer is, '$900.'

"In answer to the eighteenth question, 'State service fee,' his answer is, '$20.'

"In answer to question nineteen, 'How many seasons has he made in this locality?' he answers, 'one.'

"In answer to question twenty, 'Number of mares served last year, and number of colts obtained, and what was the service fee?' he answers, '7—5—$20.'" That is he served 7 mares, obtained 5 colts, and the service fee was $20, that is, $20 each.

In relation to and upon the several points, propositions and answers in the application above referred to, the findings of the court are as follows:

"The value of the horse, the court finds to be, instead of $900, only $750, when insured.

"The service fee of the horse for the year 1891 the court finds to have been, instead of $20, without exception, to have been from $10 to $15, and never as high as $20.

"During the season before, of 1890, instead of serving 7 mares and obtaining 5 colts, at $20 for each, the court finds that he served 6 or 7 mares and got one colt. Nothing is found as to price."

Counsel then call attention to the terms of the application and policy, which, with others, are hereinafter re-

cited, and insist that the statements and answers above set out constitute warranties, and that on account of the breaches thereof, as shown by the finding, the policy is void.

The only question presented for our consideration is, whether the policy was rendered void by reason of the facts found by the court, as above quoted. In other words, do the answers to the questions in the application, to which we have called attention, constitute a warranty, under the terms of the contract, to be literally and exactly fulfilled, as distinguished from representations which must be substantially performed in all matters material to the risk, that is, in matters which are of essence of the contract?

It should be borne in mind that the company, through its attorneys, officers, or agents, prepared the application (except the answers) and also the policy, for the purpose, the court will assume, both of protecting the company against fraud and of securing the just rights of the assured under a valid contract of insurance. The language which the court is required to interpret is the language of the company. The time of making the contract, the situation of the parties, together with all the circumstances attending the transaction, may, and ordinarily do, have more or less bearing upon the interpretation and construction of the contract.

It is apparent that when the application was made, in February, 1891, the parties understood, from the answers referred to, that five of the mares served by said stallion during the preceding season of 1890 were then with foal, as in the ordinary course of gestation, in such cases, the colts would not, as the result of such service, have been foaled at that time.

The burden was on the appellant to show that the an-

swers of the assured, in the application, were untrue. *National Benefit Ass'n* v. *Grauman*, 107 Ind. 288.

The basis of the argument of counsel for appellant is stated in their own language, as follows:

"The facts, of his value, that he had made a stand the preceding 'season,' and had been successful in producing foals in five of seven opportunities, and that his services commanded the fee of $20 for each service—all entered and went largely to make up the character, the quality, and insurable value of the animal as a breeding stallion. To have been false in any one of these answers, and especially as to his success in producing foals and as to what his services commanded, was enough to have rendered this policy void; but when we see, from the findings, that each and all of them were false, and were so framed and set out in the record and alongside the warranties themselves, we are driven to the conclusion that the court erred in stating its conclusions."

There is no finding whatever as to the fee charged for the season of 1890.

When the special finding of facts, as to a material point, are not full and complete, it is deemed to be adverse to the party on whom the burden of the issue rests. *Vinton* v. *Baldwin*, 95 Ind. 433; *Citizens Bank* v. *Bolen*, 121 Ind. 301; *Yerkes* v. *Sabin*, 97 Ind. 141; *Town of Freedom* v. *Norris*, 128 Ind. 377 (384).

Whether the questions and answers should be construed as referring to the number of mares with foal or as to the number of colts foaled, is not, in the view we have taken of the case, a matter of vital importance. It must be understood, from the finding of the court, that one colt only was foaled in 1891, as the result of the services of the insured stallion in 1890.

The answers as to the number of mares served and the fee for such service in 1890, under the authorities, there-

fore, so far as the consideration of the questions in this case are concerned, must be regarded as true.    Construing the questions and answers in the application as a statement that the stallion had, during the season of 1890, served seven mares at $20 each, and, as the result of such service, five of them were then with foal, what is the effect of the finding that the stallion had in fact got one colt?

Under the view most favorable to appellant, the alleged breach of the warranty or representation (as the same may be hereinafter determined), on which the principal contention of appellant is predicated, is that one colt was got by said stallion instead of five.

It is well settled that the policy and application, when the latter is made a part of the former, must be construed together as one contract, and that statements and answers will not be construed as warranties, when the context and language of the writings justify construing the same as representations.    In short, in such construction, the courts will be liberal in order to give the policy effect rather than to make it void.    *Northwestern, etc., Life Ins. Co.* v. *Hazelett,* 105 Ind. 212 (216); *Moulor* v. *American Life Ins. Co.,* 111 U. S. 335; *Nat'l Bank* v. *Insurance Co.,* 95 U. S. 673.

The language used in the application and policy in this case, as hereinafter shown, construes the statements in the application as representations, terms and conditions, and also seeks to construe them as warranties, and this inconsistency renders the contract capable of two constructions, and requires the court to give it such a one as will be most favorable to the assured.

In the language of Justice HARLAN, "we rest the conclusion already indicated upon the broad ground that when a policy of insurance contains contradictory provisions, or has been so framed as to leave room for con-

struction, rendering it doubtful whether the parties intended the exact truth of the applicant's statements to be a condition precedent to any binding contract, the court should lean against that construction which imposes upon the assured the obligations of a warranty." *Nat'l Bank* v. *Insurance Co., supra.*

In this connection, we call attention to the fact that while the policy provides that it is issued on the "warranties made in the application," and that in the application the assured expressly states, "I warrant the above answers to each of the foregoing questions to be true," yet it also is stipulated in the application that the assured has "in nowise misrepresented or concealed any fact concerning said stock," and it is further provided in the policy that "this policy shall be void if any material fact or circumstance stated in writing has not been fairly represented," also, in substance, that if the value of the stallion shall be less than the amount stated in the application, the liability of the company shall be ascertained on a certain ratio, also that "this policy is made and accepted in reference to the foregoing terms and conditions," and also, "All fraud or attempt at fraud, by false swearing or otherwise, shall cause a forfeiture of all claims on the company under the policy."

If it was the purpose of the company to secure a warranty of the correctness of each statement of the applicant, why did it not stop with the express declaration of a warranty? Why did the company go further and incorporate into the policy a provision for its annulment in the event "any material fact or circumstance stated in the writing has not been fairly represented," and other similar stipulations? *Nat'l Bank* v. *Insurance Co., supra.*

The language of Justice Harlan, in another case, is appropriate in this connection, and we quote as follows: "Thus, we have one part of the contract apparently stipu-

lating for a warranty, while another part describes the statements of the assured as representations. The doubt as to the intention of the parties, must, according to the settled doctrines of the law of insurance, recognized in all the adjudged cases, be resolved against the party whose language it becomes necessary to interpret. The construction must, therefore, prevail which protects the insured against the obligations arising from a strict warranty.'' *Moulor* v. *American Life Ins. Co.*, *supra*.

The conclusion which we have indicated is also in harmony with and supported by the decisions of our own Supreme Court. *Rogers* v. *Phenix Ins. Co.*, 121 Ind. 570; *Pickel* v.¯*Phenix Ins. Co.*, 119 Ind. 291; *Phenix Ins. Co.* v. *Pickel*, 119 Ind. 155; *Fitch* v. *American, etc., Life Ins. Co.*, 59 N.Y. 557; *Northwestern etc., Life Ins. Co.* v. *Hazelett*, *supra*.

In *Rogers* v. *Phenix Ins. Co.*, *supra*, Judge OLDS, speaking for the court, says: ''It is expressly stated in the policy that the insurance 'is based upon the representations' contained in the application. The language used in the application and in the policy construes the statement, in the application as representations, but also seeks to construe them as warranties. It is a well recognized rule of construction that when the language used in a policy is capable of two constructions, the one most favorable to the assured shall be given to it; but the appellee in this case seeks to place a narrow construction on the language used, and the construction most favorable to itself.''

The statements in the application and policy in this case can not be construed as warranties, and the policy is, therefore, not void on account of any breach of warranty.

In the decisions relied on by appellant, the statements therein in question, in the respective cases, were, by the clear and express terms of the contracts, made warranties.

*Mutual, etc., Life Ins. Co.* v. *Miller, Admx.*, 39 Ind. 475; *Mutual, etc., Life Ins. Co.* v. *Cannon*, 48 Ind. 264 (269); *Phœnix Ins. Co.* v. *Benton*, 87 Ind. 132 (136).

In the last case cited the court says: "While a warranty relating to an existing fact must be literally true, or the policy does not attach, that which is promissory in its nature is not so strictly construed. In the later cases it has been held sufficient if substantially true or performed. * * * Warranties can not be deviated from in the smallest particular, whether material or immaterial; but the insured is not answerable on account of representations, unless they differ in material respects from the truth, or are departed from in a material manner."

The foregoing cases correctly enunciated the law applicable to the facts therein, but, as we have seen in this case, the appellant misconstrues the force and effect of the statements and answers which enter into the contract; and, therefore, the rule relied upon, and the able argument of counsel in support thereof, do not apply to the case in hand.

When the statements under consideration are construed as representations, what is the effect of such representations on the policy? A representation, "if false and material to the risk," renders the contract void. May on Insurance, section 181.

The same author also says: "So an agreement that the falsity of any statement in the application shall avoid the policy excludes from the court and jury the question of its materiality." Section 185.

In addition to the statements to which we have called attention, it is provided, in the application, "that the policy to be issued hereon shall be based entirely upon the answers contained in the application," and in the pol-

icy, in the same sentence in which it is stipulated that "this policy shall be void if any material fact or circumstance stated in writing has not been fairly represented," it is stated, in conclusion, "or if any of the answers contained in the application upon which this policy issued shall be found to be untrue."

If the question was presented by any issue, the same rule of construction heretofore stated would govern this branch of the case.

The answer in this case is, first, a general denial, second, a breach of the warranty, and third, the death of the stallion, on account of alleged negligence on the part of the assured.    These answers do not tender any issue in relation to either the falsity or materiality of the representations, and, therefore, while we have been much impressed with the argument of the learned counsel for appellant, in relation to the falsity and materiality of the answers to which attention has been invited, the investigation of these questions could not be productive of any good.

There is no finding tending to support the third paragraph, and the only question properly presented arises on the second paragraph in relation to the alleged breach of the warranty, which we have hereinbefore discussed and decided.

Judgment affirmed.

Filed June 21, 1893.