Filed March 8, 1894.

———————◆———————

. No. 978.

THE INDIANA FARMERS' LIVE STOCK INSURANCE COMPANY v. BYRKETT.

PLEADING.—*Insurance.*—*Application Need not be Made Part of Complaint.*—In an action on an insurance policy, it is not necessary to file a copy of the application with the complaint.

SAME.—*Reply.*—*Theory of Complaint.*—*Insurance.*—In such case, the theory of the complaint being to recover the sum of money for which the horse was insured, the condition of the horse at the time it was insured being but a mere incident to the complaint, the plaintiff may reply setting forth the condition of the horse when insured, where the answer alleges that the horse was afflicted with diseases at the time the insurance was effected, contrary to the facts stated in the application.

EVIDENCE.—*Ground of Objection Must be Adhered to on Appeal.*—Where the only objection to evidence, on rebuttal, was that the testimony was a part of the plaintiff's original case, the defendant can not avail himself, on appeal, of the objection that it contradicted an admission made by the plaintiff, either in his testimony or in his pleadings.

INSTRUCTIONS TO JURY.—*Law and Fact.*—*Admissibility of Evidence and Competency of Witnesses.*—It is not error to refuse an instruction which relates only to the admissibility of evidence and the competency of witnesses, they being questions of law for the court, and not for the jury.

INSURANCE.—*Construction of Policy.*—*Warranty.*—Where a policy of

The Indiana Farmers' Live Stock Insurance Company *v.* Byrkett.

insurance contains contradictory or inconsistent provisions, or is so framed as to leave room for construction, the court will not adopt that construction which imposes upon the assured the obligation of a warranty.

SAME.—*Instruction to Jury.—Representations.—Recovery.*—Where, in an action on an insurance policy, the court refused to give, on behalf of the defendant, the following instruction : "If you find, from the evidence, that the plaintiff made a written application to the defendant for insurance, and if you further find that any material fact or circumstance stated in writing was not fairly represented by the plaintiff, and the defendant was misled thereby, and thereby induced to deliver to the plaintiff a policy of insurance, or if any of the answers contained in such application were untrue, then, if such fact exist, your verdict should be for the defendant,"—such instruction is too broad in its terms, not being limited to such facts and circumstances as are pleaded in the answers.

SAME.—*Instruction to Jury.—Invading Province of Jury.— Value of Animal.*—In such case, the court instructed the jury that "If you find that this insurance was issued to the plaintiff by this defendant, both acting in good faith, and the horse was not diseased at the time he was insured, your verdict should be for the plaintiff for the full amount of the insurance."

*Decided*, that such instruction was erroneous, in that it invaded the province of the jury, the evidence as to the value of the horse being conflicting, and the policy being conditioned that no animal should be insured for more than one-half of its cash value.

From the Cass Circuit Court.

*R. Magee* and *G. W. Funk*, for appellant.

*S. T. McConnell* and *A. G. Jenkins*, for appellee.

LOTZ, J.—The appellee brought this action on a policy of insurance, to recover the loss sustained on account of the death of a stallion insured within the terms of the policy.

The policy was issued March 16, 1892, and insured the stallion in the sum of $300 for the period of one year.

The complaint declared on the policy, to which the appellant answered in three paragraphs; the first being the general denial; the second and third pleaded substanti-

ally the same defense, alleging, in substance, that certain answers made by the appellee in his application for the insurance, as to the condition and health of the horse, were false, and were made for the purpose of deceiving and defrauding the appellant.

To these answers, the appellee replied in three paragraphs; the first being the general denial, and the second and third pleaded substantially the same facts, viz: That the application for the insurance in controversy was made out by one Clossan, who was, at the time, the agent and general manager of the appellant; that the answers to the questions contained in the application, which, the answers aver, were false, were not the answers made by the appellee; that the appellee relied upon the said Clossan, as such agent and general manager, to record and fill in appellee's answers in said application, as made by appellee; that said Clossan did not write the answers made by the appellee, but wrote false answers in said application; that the appellee did not read the application before signing the same, but relied upon the said Clossan to record said answers truthfully.

Appellee obtained a verdict in the sum of $300, on which judgment was rendered.

The errors assigned and discussed by appellant are:

1.  That the court erred in overruling the demurrer to the complaint.

2.  That the court erred in overruling appellant's motion for a new trial.

The only objection urged against the complaint is that it does not contain or set out a copy of the application for the insurance, which, by the terms of the policy, is made a part thereof.

It is settled by the adjudications in this State, that it is not necessary to file a copy of the application with the

complaint. *Phœnix Ins. Co.* v. *Stark,* 120 Ind. 444 (448), and cases there cited.

Appellant contends that the appellee, in the progress and trial of the cause in the court below, violated the well known doctrine that a cause must proceed upon a single, definite theory; must be tried, and judgment pronounced upon such theory. It is insisted that the complaint proceeds upon the theory that a sound horse was insured; that the reply departs from this theory, in that it changes the theory so as to attempt to recover for an unsound horse.

It is true that every pleading, be it complaint, answer or reply, must be constructed upon a single definite theory, and it is the duty of the trial court, in the progress of the cause, and in pronouncing final judgment, to proceed upon and follow the theories of the pleadings. It frequently occurs in contested cases, that the court must deal with various theories presented by different pleadings.

The unmistakable controlling purpose and theory of the complaint is to recover the sum of money for which the horse was insured. Whether the horse was sound or unsound, is but an incident to the theory of the complaint. The condition of the horse, as to being afflicted with diseases at the time the insurance was effected, was first brought into the controversy by the answer of the appellant. If the appellee should be debarred from meeting this condition in his reply, because he might thereby depart from the theory of his complaint, would give the appellant an undue advantage. Under such a rule, a plaintiff would be required to so frame his complaint as to anticipate all possible defenses.

On the trial, the appellee testified, in rebuttal, that at the time the insurance was effected he told the agent

that the horse was well so far as he knew, except he had a cold, a cough, and nasal trouble.

The appellee also called four witnesses who testified in rebuttal, over appellant's objection, that the horse was well at or about the time the policy was taken out. One of the causes for a new trial is that the court erred in permitting these four witnesses to so testify, after the admission of the appellee as contained in his own testimony, and in the second and third paragraphs of his reply. It is insisted that such admissions were conclusive upon the appellee, and that it was error to admit other evidence which tended to show that the horse was well. Under the issues joined, the condition of the horse, at the time the insurance was effected, was important, and both appellant and appellee were interested in showing the state of health of the horse.

Appellant's objection to this testimony was not based upon the fact that it contradicted an admission made by the appellee either in his testimony or in his pleadings, but the basis of the objection was that such testimony was a part of the appellee's original case. There was no reversible error in admitting this evidence. As bearing upon this question of admission, the appellant requested the court to give this instruction to the jury: "If you find from the evidence, that the plaintiff admits that his horse was diseased at the time he made his application for, and received, his insurance, such admission, if you should find that the plaintiff has done so, would bind him upon that issue, and it is not competent for the plaintiff to prove by other witnesses, that his horse was not diseased at the time."

The court refused to give this instruction. There was no error in this. This instruction did not direct the jury to disregard the testimony of other witnesses given upon this point, or withdraw such testimony from the jury.

It deals with the question of the admissibility of this testimony and the competency of the witnesses. Questions of the admissibility of evidence, and of the competency of witnesses, are questions for the court, and not for the jury. The instruction must be treated as an entirety. If it is erroneous in any respect, there was no error in refusing to give it.

Another cause for a new trial was the refusal of the court to give instruction No. 4, asked by appellant. The court, however, did give appellant's instruction No. 5, which, in substance and effect, is the same as the one refused.

The court also refused to give this instruction, asked by appellant: "If you find from the evidence, that the plaintiff made a written application to the defendant for insurance, and if you further find that any material fact or circumstance stated in writing was not fairly represented by the plaintiff, and the defendant was misled thereby, and thereby induced to deliver to the plaintiff a policy of insurance, or if any of the answers contained in such application were untrue, then, if such facts exist, your verdict should be for the defendant."

The application for the insurance, signed by the appellee, and which was made a part of the policy, contained certain statements of the appellee, in which he stated, among other things, that the horse was in good health; that he had not been troubled with a cough or nasal trouble, and that he had no periodic attacks of stiffness of the limbs.

The application contains this condition: "I warrant the foregoing application to contain a full, true and correct description and statement of the condition, situation and value of the property hereby proposed to be insured, and warrant the answer to each of the foregoing questions to be true."

The appellee, in the second and third paragraphs of his reply, admitted that the horse was not well at the time the application for insurance was made. In his testimony, he said "That he (the horse) was running at the nose a little at that time." Also, "I told him (the agent) the horse was slightly troubled with a cough or nasal trouble."

Appellant contends that the conditions of the application are warranties; that the evidence shows a breach thereof; that the appellee was not entitled to recover; and that the court should have given the instruction asked.

We do not concur in the assumption that the conditions of the application are warranties. Notwithstanding the policy denominates them warranties, they may be but representations. A contract of insurance, in its essence, is a mere promise to pay money on the happening of a specified loss or injury. In practice, the happening of such loss or injury is not the only condition upon which the payment depends, the payment is usually made conditional on the truth of certain statements made by the applicant. The falsity of such statements prevents the liability of the insurer from taking effect. When such statements have this effect they are called warranties. A warranty may relate to an existing fact or it may relate to the doing, or not doing, some particular act in the future. When it relates to a future act, it is promissory in its character. An express warranty is the assertion of a fact, or the undertaking to do an act upon the accuracy or performance of which the validity of the contract depends. If it is precedent and unperformed, the insurance does not attach; if subsequent and unperformed it terminates the contract. Cooke Life Ins., section 12; Biddle on Ins., section 543.

A representation is a verbal or written statement as to certain facts made by the insured at the time of the formation of the contract, which constitutes an inducement for the insurer to enter into the contract. It is a part of the preliminary proceedings which leads up to the contract. *Commonwealth's Ins. Co.* v. *Monninger*, 18 Ind. 352; *Citizens Ins. Co.* v. *Hoffman*, 128 Ind. 370.

The burden of proving the breach of a warranty or the falsity of a representation rests upon the insurer. Cooke Life Ins., sections 14, 93-123; May Life Ins., section 591; Wood on Ins., section 522; *Piedmont, etc., Life Ins. Co.* v. *Ewing, Admr.*, 92 U. S. 377; *John Hancock Mutual Life Ins. Co.* v. *Daly*, 65 Ind. 6; *Northwestern Mut. Life Ins. Co.* v. *Hazelett*, 105 Ind. 212 (220); *Nat'l Benefit Ass'n* v. *Grauman*, 107 Ind. 288.

A breach of a warranty or an untrue material representation, when established, will defeat a recovery on the policy; but the defendant must plead such defense affirmatively and assume the burden of proving them. Biddle Ins., section 531; May Ins., section 181.

A warranty or a material representation is a stipulation in the contract adverse to the interest of the insured and in the interest of the insurer. For the purposes of this case it may not be very important whether such conditions be warranties or material representations, but we may say that when a policy of insurance contains contradictory or inconsistent provisions, or is so framed as to leave room for construction, the court will lean against that construction which imposes upon the assured the obligation of a warranty. The policy in this case, including the application which is made a part thereof, contains provisions which are inconsistent.

A policy of insurance, almost identical in terms with the one at bar came before this court in a recent case, and such provisions were then held to be representations

and not warranties. *Indiana Farmers', etc., Ins. Co.* v. *Rundell, Admr.*, 7 Ind. App. 426, 34 N. E. Rep. 588.

Upon the authority of that case, the provisions which it is charged that the appellee violated are representations and not warranties.

The instruction asked is too broad in its terms. It is not limited to such facts or circumstances pleaded in the answers, but would permit the jury to take into consideration any fact stated in writing.

Another cause for a new trial was that the court erred in giving of its own motion this instruction:

"If you find that this insurance was issued to the plaintiff by this defendant, both acting in good faith, and the horse was not diseased at the time that he was insured, your verdict should be for the plaintiff for the full amount of the insurance."

The policy sued on contains this condition:

"No animal shall be insured for more than one-half of its cash value, and whenever, in case of loss, the insurance shall be found greater, the company shall be liable for no more than this proportion, and it is expressly agreed that in the event that the ascertained cash value shall be less than the estimated value of the animals insured, as contained in the application upon which this policy is issued, the liability of this company shall be only for such sum as shall bear the same ratio to the amount of insurance named in this policy, as the ascertained cash value shall bear to such estimated value, but in no event for a greater amount than that named herein."

On the trial of the case, one William E. Fox, a witness for appellee, testified that he sold the horse to appellee for $500 on February 26, 1892; that the fair cash value of the horse was $600 at the date upon which the insurance was issued. The appellee testified that he pur-

chased the horse for $500; and that his value was $600 on the date the insurance was obtained. On cross-examination the appellee stated that the value of the horse was $500 at the time he was insured.

The appellant gave in evidence the application, in which the value was placed at $600. This was all the evidence given of the value.

Appellant maintains that there was a conflict in the evidence as to the value of the horse; that there was evidence tending to show that the value of the horse was only $500; and that the court, in instructing the jury to return a verdict for the full amount of the policy, invaded the province of the jury.

The law is that when a fact is conceded or undisputed, the court may, in its instructions, assume such fact to be true. But if a fact is in dispute, or the evidence concerning it conflicting, the court can not assume the truth of such fact in its instructions, without invading the province of the jury.

A majority of the court are of the opinion that the evidence on the question of the value of the horse, is conflicting; that the instruction last above set out invaded the province of the jury; and that for this reason the cause should be reversed, with instructions to grant a new trial.

Judgment reversed, at costs of appellee.

Filed Mar. 9, 1894.