Filed March 16, 1894.

---

No. 868.

## The Indiana Farmers' Live Stock Insurance Company v. Bogeman.

Insurance.—*Policy Not a Valued One.*—*Application, Statement in as to Value Not Material.*—Where an insurance policy is not a valued one, a statement in the application as to the value of the horse sought to be insured is not a material representation, the liability of the company being only in proportion to the value of the horse.

Same.—*Warranty and Representation Distinguished.*—In such case, the statement as to the value of the horse must be considered as a representation, and not a warranty; the material difference between a mere representation and a warranty being, that warranties can not be deviated from, whether material or immaterial, while representations may be false, if of an immaterial fact, without avoiding the policy, or if of a material fact, an immaterial deviation from the representation will not vitiate the policy.

Dissenting opinion by Gavin, J.

From the Shelby Circuit Court.

*T. B. Adams* and *I. Carter*, for appellant.

*K. M. Hord* and *E. K. Adams*, for appellee.

Ross, J.—The appellee recovered judgment in the court below in the sum of $208, upon a policy of insurance issued to him by appellant to indemnify him against loss from death of a horse designated in such policy as "Gray Dick."

Three errors are assigned in this court, but the first

and third are specially withdrawn, leaving the second only to be considered, which is that the court erred in sustaining the demurrer to the first paragraph of appellant's answer.

The question raised by the answer is, whether or not the statements made by the appellee in his application for insurance were warranties, and to what extent, if at all, their falsity impaired the contract of insurance.

In the case of *Indiana Farmers' Live Stock Ins. Co.* v. *Rundell, Admr.*, 7 Ind. App. 426, this court, in passing upon the sufficiency of the statements contained in an application similar to the one under consideration, says: "The language used in the application and policy in this case, as hereinafter shown, construes the statements in the application as representations, terms and conditions, and also seeks to construe them as warranties, and this inconsistency renders the contract capable of two constructions, and requires the court to give it such a one as will be most favorable to the assured. * * * The statements in the application and policy in this case can not be construed as warranties."

Following this authority, the statement in the application, as to the amount paid by the appellee for the horse, which it is charged was false, must be considered as a representation, and not a warranty.

A false representation, however, of a material fact which induces the issuance of a policy of insurance, will as effectually avoid the policy as the breach of a warranty. The material difference between a mere representation and a warranty is that warranties can not be deviated from, whether material or immaterial, while representations may be false, if of an immaterial fact, without avoiding the policy, or if of a material fact, an immaterial deviation from the representation will not vitiate the policy.

"Every representation is to be deemed material which there is just reason to believe determined or may have determined the insurer to insure, or influenced his estimate of the premium." Bliss on Life Ins., section 48.

This leads to the inquiry: Was the statement made by the appellee, as to the amount he paid for the horse when he purchased it, material to the risk? In other words, was it the statement of a fact which induced the appellant to accept the risk and issue the policy? If it was, and, as alleged in the answer, such statement was false, we must hold the answer good.

Under the terms of the policy, the amount for which the horse was insured was but one-half the value of the horse at the time insured, such value being fixed by the appellee, in his application, at $400, the same amount he represented he paid for it. But the policy provides that if "the insurance shall be found to have been greater, the company shall be liable for no more than this proportion." If this was a valued policy, it is evident that the statement of the appellee as to the value of the horse, and the amount he paid for it, would be material, but the policy is not a valued one, the appellant's liability being only in proportion to the value of the animal, which may be ascertained at any time. The statement, therefore, in view of that clause of the policy, was an immaterial one, and there was no error in sustaining the demurrer to the answer.

Judgment affirmed.

LOTZ, J., concurs in the result.

Filed March 28, 1894.

## DISSENTING OPINION.

GAVIN, J.—The purchase of the horse is shown, by the application, to have been in the month preceding

the issuance of the insurance. I am compelled to believe that the statement as to the purchase-price was one which was material, and which would naturally affect the disposition of the company to accept the risk.

Filed March 28, 1894.