Ætna Insurance Company of Hartford, Connecticut, *v.* Norman.

## No. 1,577.

## ÆTNA INSURANCE COMPANY OF HARTFORD, CONNECTICUT, *v.* NORMAN.

INSURANCE.—*Application for.—Representations and Warranties, What Amounts to.*—The question and answer, in an application for fire insurance: "Do you agree to keep merchandise and cash accounts? Yes," refer to the conduct of the insured in the future on the subject of book-keeping, and is a promissory representation and not a warranty, when not specially made a warranty and not included in the general stipulation of warranty, at close of application, as follows: "And the said applicant hereby warrants, covenants and agrees to and with said company that the foregoing is a full and true exposition of all the facts and circumstances, conditions, situation, and value of, and title to, the property to be insured, and is offered as a basis of the insurance requested and is made a special warranty, the same as if written on the face of the policy." A violation of such representation, when not shown to be material, will not vitiate the policy.

SAME.—*Answer of Increased Risk.—Mere Conclusion.*—An answer seeking to avoid the policy on the ground of increased risk is insufficient where the only averment as to increased risk is that the insured "caused the risk to be changed from hazard to extra hazard," such statement being not an averment of a fact that the risk was increased, but a mere conclusion of the pleader.

SAME.—*Increased Risk.—Sufficient Averment.*—Where such an answer contains the averment "that by reason of said change of business as aforesaid [from drug business to unlicensed saloon], without knowledge or consent of the defendant, her said risk became and was more hazardous," the fact of increased hazard is sufficiently broad to constitute a defense to the action.

SAME.—*Increased Risk.—Changing Use of Drug Store to Unlicensed Saloon.—Law and Fact.*—The parties had a right to contract against a change in the use and occupation of the premises in which the goods were situated when insured, and the court can not judicially know that a change in the use of the premises from a drug store to an unlicensed drinking saloon was not an increase of the risk. Such question is one of fact.

From the Morgan Circuit Court.

*W. H. Parks* and *W. S. Sherley*, for appellant.

*O. Matthews*, for appellee.

REINHARD, C. J.—This is an action on a fire insurance policy. In the court below the appellee recovered judgment on the policy.

One of the errors complained of is the sustaining of a demurrer to the seventh paragraph of the answer in which the appellant sets up an alleged breach of warranty. The appellee was asked in his application: "Do you agree to keep merchandise and cash accounts?" To which he answered, "Yes." It is alleged in this paragraph of answer that in truth and in fact no merchandise account was kept by the appellee as he warranted and agreed to do in the application.

To determine whether the policy contains a warranty in the particular here relied upon, we must look to the instrument itself, and construe it and the application together. The application contains the following statement at its close: "And the said applicant hereby warrants, covenants and agrees to and with said company, that the foregoing is a full and true exposition of all the facts and circumstances, conditions, situation, and value of, and title to, the property to be insured, and is offered as a basis of the insurance requested, and is made a special warranty, the same as if written on the face of the policy." There is no other statement in the application in the nature of a warranty.

The policy contains the following clause: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether before or after the loss."

It is not claimed that the appellee "concealed or mis-

represented'' anything in his application, or that he committed any "fraud or false swearing" in connection therewith, and hence there is nothing in the policy itself, in the way of condition, representation, or warranty which can be said to have been violated. The only warranty contained in the application is that the statements made therein by the appellee contain "a full and true exposition of all the facts and circumstances, condition, situation and value of and title to the property to be insured," thus showing that such warranty has relation not to anything which the appellee will do in the future to preserve the identity of the property, or to keep an invoice of such property as remains in hand and an account of the cash realized on sales, but to the property insured, as respects its condition, situation, value, and title, and all the facts and circumstances pertaining to the same.

Certainly it can not be claimed that there is any language either in the application or in the policy which amounts to a warranty of the agreement "to keep merchandise and cash accounts." The question, "Do you agree to keep merchandise and cash accounts?" and the answer "yes," referred to the conduct of the appellee in the future on the subject of book-keeping, and not the property insured, regarding its condition, title, etc. If all the statements of the application had been made warranties, we might be forced to a different conclusion, but as this is not the case, and there is no special warranty as to this particular question and answer, we do not think the claim of a warranty can be maintained.

Nothing is better settled than the rule that a mere representation does not amount to a warranty, and that in case of doubt as to whether a statement is a warranty or a mere representation, the latter construction will be given. 11 Am. and Eng. Encyc. of Law, 294.

Both warranties and representations are of two kinds, viz., affirmative and promissory. A promissory warranty is of course as valid and binding as any other kind, and it is not important whether the fact or statement warranted to be true be material or immaterial to the risk. But a mere promissory representation amounts to nothing if not material to the risk, and even then its violation does not vitiate the policy unless it was made with a fraudulent purpose. 11 Am. and Eng. Encyc. of Law, 299.

Forfeitures are not favored in law, and where the contract is equally susceptible of two interpretations, or is doubtful, the courts will resolve the doubt in favor of averting a forfeiture, always giving the strictest construction in favor of the insured. *Continental Ins. Co.* v. *Vanlue*, 126 Ind. 410; *Indiana Farmers Live Stock Ins. Co.* v. *Rundell, Admr.*, 7 Ind. App. 430.

In the case last cited, Davis, J., speaking for this court, said: "If it was the purpose of the company to secure a warranty of the correctness of each statement of the applicant, why did it not stop with the express declaration of a warranty?"

And so it may be said in the present case, if the company intended the statement that the appellee would keep a merchandise and a cash account to be a promissory warranty, it would have been very easy either to make this a special warranty or to warrant the correctness of each statement made by the appellee in his application. This, as has been seen, was not done, and hence we can not, by construction, place a warranty where the parties have not done so by the plain provisions of the contract. The statement or promise to keep a merchandise and a cash account must be regarded as a mere representation, and no fraud being charged, and as even the materiality of the matter is not shown, and it is not averred how the

appellant was injured by the appellee's failure to keep such account, the falsity of the promise or representation can not be used to work a forfeiture.

It is next insisted that the court erred in sustaining the demurrers to the third and sixth paragraphs of the answer, in each of which an increase of the risk in violation of the policy is attempted to be set up.

The policy provides that "If the hazard be increased by any means within the control or knowledge of the insured," it shall be void.

It is averred, in the sixth paragraph of the answer, that the appellant relied upon the said application as to the object and purpose of the insurance, and the character of the risk, whereby it was induced to issue the policy, and if appellant had known of the appellee's intention and purpose to change the character and business of a retail drug store to that of selling liquors, as hereafter alleged, appellant would not have issued to the appellee said policy of insurance, and carried said risk; that without the knowledge and consent of the appellant the appellee changed his business, in this, that he operated and conducted the business of selling intoxicating liquors without a license, and suffered the same to be drank in and about said premises, for beverage only, and allowed persons to congregate in and about said store-room at late hours of the night, "and caused said risk to be changed from hazard to extra hazard, and continued the same in such way and manner without the knowledge and consent of the appellant until said fire occurred," said fire originating at the place where said liquors were sold on said premises and people allowed to congregate in manner aforesaid. Wherefore the appellant avers that the policy became null and void, and asks that it be cancelled.

In this same paragraph, the policy is referred to as that

set out in appellee's complaint. The application is made an exhibit with this paragraph of the answer and referred to as such therein.

In the application it is stated, in substance, that the premises in which the goods are kept are occupied by appellee as a drug store. The insurance is on "drugs, medicines, paints, oils, liquors, cigars, tobacco, notions and such other merchandise not more hazardous, usual to such trade, while contained in the first story of the two-story brick building," etc., "occupied by assured as drug store."

It will be seen by reference to that portion of the answer which we have set forth in this opinion that it contains no averment that the change of business from a drug store to that of an unlicensed saloon increased the hazard. The only averment on that subject is that the appellee "caused the risk to be changed from hazard to extra hazard." There is no condition in the policy that it shall become void if the business of the appellee be changed in the manner in which it is averred it was changed. The statement that the risk was changed from hazard to extra hazard is not an averment of the fact that the risk was increased by the change in business. It is at best but the conclusion of the pleader. *Behler, Admx.,* v. *German Mut. Fire Ins. Co.,* 68 Ind. 347.

There being no averment that the change of business actually increased the risk, and the court being unable to know judicially that it did so, it follows that the paragraph was bad and the court committed no error in sustaining the demurrer to it.

The third paragraph of the answer presents a different question. In this pleading the averments are substantially the same as those of the sixth paragraph, as regards the change of the use and occupation of the prem-

ises in which the goods were situated when the policy was issued, which averments are followed by the one ''that by reason of said change of business as aforesaid, without the knowledge or consent of this defendant, her said risk became and was more hazardous. Wherefore,'' etc.

We are of opinion that the averments of this paragraph are sufficiently broad to constitute a defense to the action. By the contract of insurance, it is provided, as we have seen, that a voluntary change of the use or occupation of the premises in which the goods were situated to one of greater hazard, or that would increase the risk, should vitiate the policy. The averment that the change of business described had the effect of enhancing the risk is the averment of a fact which, if proved, would defeat a recovery. The parties had a right to contract against such a contingency, and the court can not judicially know that such change is not an increase of the risk. It is a question which, we think, should be submitted to the jury, and it is for them to say whether or not in fact the risk was increased by reason of the change. The court erred in sustaining the demurrer to the third paragraph of the answer. *Germania Fire Ins. Co.* v. *Deckard*, 3 Ind. App. 361.

For the error just mentioned, the judgment is reversed, with directions to overrule the demurrer to the third paragraph of the answer.

Filed June 7, 1895.