Filed June 17, 1896.

---

### No. 1,524.

### SUPREME LODGE OF KNIGHTS OF PYTHIAS OF THE WORLD v. EDWARDS.

FRATERNAL INSURANCE.—*Pleading.*—*Complaint.*—Where there is a conflict between the complaint and the written contract upon which it is founded, the latter must prevail.

SAME.—*Pleading.*—*Answer.*—*Failure to Set Out Copy of Written Instrument.*—An answer to a complaint on a life insurance policy, based upon a written application for the insurance, is bad where the application, or a copy thereof, is not filed with the answer.

SAME.—*Policy.*—*Execution Of.*—Where a certificate is signed by A. B., president of board of control, the averment that defendant executed it, is equivalent to an averment of its execution under name and style by which it was signed.

SAME.—*Representations and Warranties.*—Where the statements of the insured, in an application for insurance, are referred to by the insurer in the contract as warranties, at one time, and as representations at another, such statements will be construed to be representations only.

SAME.—*Representations and Warranties.*—When considering the policy and application together, it is left uncertain whether statements are to be taken as warranties or representations, the construction most favorable to the policy-holder is to be adopted.

ANSWERS TO INTERROGATORIES.—Insufficient answers returned by the jury to interrogatories are immaterial, where no answers that could have been made to the interrogatories could have controlled the general verdict, when taken in connection with the answers returned to other interrogatories.

From the Marion Circuit Court.

*R. W. McBride* and *C. S. Denny*, for appellant.

*Finch & Finch*, for appellee.

GAVIN, J.—The appellee sued appellant upon a certificate of membership in its endowment rank, and recovered judgment thereon.

The appellant insists that the complaint was bad on demurrer, because the certificate does not, upon its face, purport to be issued by the Supreme Lodge of the Knights of Pythias, but rather by the endowment rank of that order, and invokes the familiar principle that where there is a conflict between the complaint and the written contract upon which it is founded, the latter must control. *Hines* v. *Driver*, 100 Ind. 315.

The complaint avers that the appellant "issued" to her husband, now deceased, "its certificate of membership in the Endowment Rank of the order of Knights of Pythias of the World, whereby said defendant promised to pay to plaintiff the sum of two thousand dollars," upon due notice, etc. The certificate is sealed with the seal of the Supreme Lodge, signed by "J. A. Hinsey, president board of control," and "W. B. Kennedy, supreme secretary of the Endowment Rank."

These averments are, we think, sufficient to show the execution of the certificate by the appellant. While we cannot take judicial notice of the organization of the insurance department of the Knights of Pythias, and declare (without reference to these averments) that this is the regularly authorized mode of execution of such contracts by appellant, we cannot, on the other hand, assume that there is a separate corporation, styled the Endowment Rank of the Knights of Pythias, instead of its being a mere instrumentality or subdivision of the Supreme Lodge, created for the purpose of carrying on a particular branch of appellant's business, viz: That of insurance.

Under the authorities, the express allegations of the complaint that appellant did execute the contract, must be deemed controlling in the absence of a plea of *non est factum.* They are equivalent to an aver-

ment that the appellant executed the certificate by the name and style in which it is signed. *Lucas* v. *Baldwin*, 97 Ind. 471; *Napier* v. *Mayhew*, 35 Ind. 276; *Jackson* v. *Burgert*, 28 Ind. 36; *Farley* v. *Harvey*, 14 Ind. 377; *Hunt* v. *Raymond*, 11 Ind. 215; 4 Thompson Corp., section 5037.

We must regard the amended second paragraph of answer as founded upon the application. The certificate states that it is "issued in consideration of the representations and declarations made in his application." The answer avers that the policy was issued upon certain representations contained in the answers to two questions, propounded when the application was made, and which are set out and alleged to be false and fraudulent. In the absence of any averment that these representations were made outside of the application, they will be presumed to be those referred to by the certificate, and, therefore, in the application. No copy of the application being filed with the answer, it was rightfully held bad. *Landon* v. *White*, 101 Ind. 249.

It is urged that the court erred in overruling the demurrer to the reply to the fourth paragraph of answer. The error in this ruling depends, as is conceded by counsel, upon whether or not the answers to certain questions contained in the medical examination are to be considered as warranties or representations.

Counsel say: "The policy and application in this case must be read together, as together evidencing the contract. In the application appears the terse, plain, and emphatic statement, referring directly to the answers in question, that they "are warranted to be true, and are offered to the Endowment Rank as a consideration of the contract."

There is also contained in the application proper, on

the other side of the sheet, on which is the medical examiner's report, etc., this statement: "I declare, furthermore, that all the above statements are true, to the best of my knowledge and belief, and that I have not concealed or omitted to state anything regarding my health, past or present, affecting the expectancy of my life, and that I hereby consent and agree that any untrue statement, made in this application, or to the medical examiner, touching my health or expectancy of life  *  *  *  *  shall work a forfeiture to all my rights." In the certificate itself there is no mention of any warranties, but it is expressly said that it is issued in consideration of the "representations and declarations made in the application," and the payment of the entrance fees, dues, etc. Thus we have these statements of the insured, referred to as warranties at one time and as representations at another. Under such circumstances, they must, upon the authorities, be construed to be representations only.

As we said in *Union Cent. Life Ins. Co.* v. *Pauly*, 8 Ind./ App. 85: "By reason of their stringent character, warranties in insurance policies are not favored in law. The court will construe as a warranty that only which the parties have plainly and unequivocally declared to be such. *Supreme Lodge* v. *Hutchinson*, 6 Ind. App. 399; *Northwestern, etc., Life Ins. Co.* v. *Hazlett*, 105 Ind. 212; *Rogers* v. *Phoenix Ins. Co.*, 121 Ind. 570; *Penn Mut. Life Ins. Co.* v. *Wiler*, 100 Ind. 92;" *Standard, etc., Ins. Co.* v. *Martin, Admr.*, 133 Ind. 376; *Aetna Ins. Co.* v. *Norman*, 12 Ind. App. 652.

When, considering both policy and application together, it is left uncertain whether statements are to be taken as warranties or representations, the con-

struction most favorable to the policy-holder is to be adopted.

The opinion rendered by Judge Davis, in the case of *Indiana Farmers', etc., Ins. Co.* v. *Rundell, Admr.,* 7 Ind. App. 426, discusses this proposition at length.

In *Rogers* v. *Phoenix Ins. Co., supra;* there was, as here, an express provision that the statements of the application should be warranties, yet, because it was also stated in the policy, as here, that the insurance was "based upon the representations" in the application, they were decided to be representations, and not warranties, just as we here decide.

The case of *Moulor* v. *Am. Life Ins. Co.,* 111 U. S. 335, is of the same character.

The ruling in *Indiana, etc., Ins. Co.* v. *Rundell, supra,* has been approved in the cases of *Indiana, etc., Ins. Co.* v. *Bogeman,* 9 Ind. App. 399; *Indiana, etc., Ins. Co.* v. *Byrkett,* 9 Ind. App. 443.

With the law, as we have thus found it to be, the objections advanced to the reply and instructions of the court cannot be sustained.

Complaint is made concerning the character and insufficiency of the answers of the jury to certain interrogatories, returned with the general verdict. These interrogatories were such that no answers which could have been made to them could have controlled the general verdict, when taken in connection with the answers returned to other interrogatories propounded.

This being true, there was no such error regarding them as would authorize a reversal. *Indiana Stone Co.* v. *Stewart,* 7 Ind. App. 563; *Grand Rapids, etc., R. R. Co.* v. *Cox,* 8 Ind. App. 29; *Chicago, etc., R. R. Co.* v. *Hedges,* 105 Ind. 398; *Hudson* v. *Houser, Admr.,* 123 Ind. 309.

After consideration of all the points presented by

appellant's learned counsel, we find no just cause for reversal.

Filed November 5, 1895; petition for rehearing overruled June 17, 1896.