## JOHN HANCOCK MUTUAL LIFE INS. CO. *v.* DALY.

LIFE INSURANCE POLICY.—*Application for.—Answer to Question.—Habits of Assured.— Waiver.*—In the application for a policy of insurance upon his life, the applicant, in reply to the double question "What are your habits in respect to the use of intoxicating liquors ? have you ever used intoxicating liquors to excess ? " answered " temperate," whereupon a policy was issued to him, containing a clause declaring that it was issued "in consideration of the representations made " in the application, " on the faith of which this policy is written," and also containing a condition, that, " if any of the * answers * made in the application * shall be found in any respect untrue, then this policy shall be * void." An action having been brought upon such policy, the only defence relied upon was that such answer of " temperate " was false.

*Held,* that the answer referred only to the habits of the applicant, at the time the application was made, and that further answer to such question was waived by the company by issuing the policy.

SAME.—*Instruction.—Burden of Proof.— Evidence.*—It was proper to instruct the jury trying such cause, that the only issue before them was whether or not the answer was true when made ; that, if true, they should find for the plaintiff, but, if untrue, for the defendant ; that evidence of previous intemperate habits could only be considered in determining the truth of the answer when made; and that the burden of proof of the alleged untruth was upon the defendant.

SAME.—*Answers to Interrogatories.*—Answers to interrogatories put to the jury in such case, finding that the habits of the assured were "temperate," at the time of the application, though previously "intemperate," support a general verdict for the plaintiff.

SAME.—*Admissions as to Previous Habits.—Evidence.*—Admissions made by the assured, previous to his application, that he was then intemperate, were incompetent evidence under the issue in such action.

From the Marion Superior Court.

John Hancock Mutual Life Ins. Co. v. Daly.

*G. H. Chapman* and *U. J. Hammond*, for appellant.
*F. M. Finch* and *J. A. Finch*, for appellee.

NIBLACK, J.—This was an action by Mary A. Daly, against the John Hancock Mutual Life Insurance Company, upon a life policy issued to her late husband, Eugene Daly, for her benefit.

The complaint alleged, amongst other necessary averments, that Eugene Daly had died on the 19th day of February, 1877, of which the company had notice.

The application of the said Eugene Daly, for the policy in suit, was made on the 2d day of May, 1876, and contained, with other things, the following stipulation, " and, as the basis of such insurance, make the following statements, including those made to the medical examiner, which it is hereby mutually agreed shall form a part of the contract for this insurance." Also this question and answer thereto :

" 11. Are you aware that any untrue and fraudulent answers to the above questions, or any suppression of facts with regard to your health, will vitiate the policy ?

"Ans. Yes."

Such application also contained the two-fold question :

" What are your habits in respect to the use of intoxicating liquors ? Have you ever used intoxicating liquors to excess ? " To which was answered, " Temperate."

The policy issued as above, upon this application, contained the clause : " in consideration of the representations made to them " (the company) " in the application for this policy, on the faith of which this policy is written," and the condition, " if any of the statements, answers or declarations made, in the application for this policy, shall be found in any respect untrue, then this policy shall be null and void, which application is hereby referred to, and made a part of, this policy."

The defendant answered, setting up, in connection with other matters in defence, that, at the time the application

for the policy sued on was made, to wit, the 2d day of May, 1876, the said Eugene Daly was a man of intemperate habits in respect to the use of intoxicating liquors. Wherefore it was alleged, that said policy was null and void.

Issue being joined, the cause was submitted at special term to a jury for trial, and the jury returned a general verdict, together with answers to special interrogatories submitted to them, as follows:

" We, the jury, find for the plaintiff, and assess her damages at two thousand and seventy dollars.

　　　　　　　　　" ROBERT B. BARBEE, Foreman."

" The jury also at this time return the following answers to interrogatories propounded by plaintiff:

"Were not the habits of Eugene Daly with respect to the use of intoxicating liquors at the time the policy in suit was applied for, temperate?

" Answer. Yes. 　　ROBERT B. BARBEE, Foreman."

"And the jury also at this time return the following answers to interrogatories propounded by the defendant:

\*　　\*　　\*　　\*　　\*　　\*　　\*

"1st. Was Eugene Daly" (the insured in the policy in suit) " in the habit, at and before the 2d day of May, 1876, of getting on sprees from the excessive use of intoxicating liquor?

"Ans. Yes, before; but, at time of application, temperate.

" 2d. What were the habits of Eugene Daly, at and before the 2d day of May, 1876, in respect to the use of intoxicating liquor?

"Ans. In the habit of using liquors; but, at time of application, temperate.

" 3d. Was not Eugene Daly, at and before the 2d day of May, 1876, in the habit of using intoxicating liquors intemperately?

" Ans. He was ; but, at time of application, temperate.

" 4th. Had not Eugene Daly, before the 2d day of May, 1876, used intoxicating liquors to excess ?

"Ans. Occasionally he did.

" 5th. Had not Eugene Daly, before the 2d day of May, 1876, used intoxicating liquors intemperately? "

"Ans. At times he did.

" ROBERT B. BARBEE, Foreman."

Thereupon the defendant moved for judgment in its favor upon the answers of the jury to the special interrogatories above set out, notwithstanding the general verdict, but that motion was overruled.

The defendant then moved for a new trial, but that motion was also overruled, and judgment was rendered in favor of the plaintiff, upon the general verdict.

The defendant appealed to the general term of the court below, where the judgment at special term was affirmed.

Objections are urged here :

1. To the instructions given to the jury upon the trial ;

2. To the refusal of the court to render judgment in favor of the appellant, upon the answers of the jury to the special interrogatories submitted to them ;

3. To the sufficiency of the evidence to sustain the verdict of the jury.

On the trial, the only question really in controversy was as to what were the habits of Eugene Daly in respect to the use of intoxicating liquors, on the 2d day of May, 1876, the date of his application for the policy in suit, and there was evidence tending to show, that, during several years previous to that time, he had, at least occasionally, used intoxicating liquors to excess.

At the proper time the court, upon its own motion, instructed the jury, that—

" The sole question of fact, which is submitted for your determination, is, was the answer, ' temperate,' made by

Eugene Daly, on the 2d day of May, 1876, to the question in the application for insurance, ' What are your habits in respect to the use of intoxicating liquors ? ' a true or false answer. If the answer was true, you should find for the plaintiff; if it was untrue, you should find for the defendant. The language of the question, and also the answer made, is to be considered as used in the common and ordinary sense. The words referred to have, as here used, no technical or extraordinary meaning. You will therefore consider the testimony before you, with this sole inquiry in view.

" The burden of proof is on the defendant to establish, by a preponderance of the evidence, that the answer to the question was untrue.

" The evidence before you, respecting the use by Daly of intoxicating liquors prior to the date of the application, is to be considered solely for the purpose of enabling you to determine whether at that date Daly was of temperate habits in respect to such use; and it is for you to say what bearing such evidence may have in relation to that inquiry."

Some criticisms are made upon the phraseology of the last clause of these instructions, but in our judgment no valid objection has been shown to that clause or to any portion of the instructions. These instructions appear to us to have fairly presented the law, as applicable to the evidence as it went to the jury. We see nothing in them of which the appellant has reason to complain.

Neither do we see any thing in the answers of the jury to the special interrogatories, which impresses us as inconsistent with the general verdict. In all their answers to these interrogatories, the jury tenaciously adhered to their conclusion, that, at the time of his application for the policy upon his life, Eugene Daly was a man of temperate habits, with reference to the use of intoxicating liquors, and that

conclusion was in harmony with and supported the general verdict.

The second clause of the two-fold question, embraced in the application and addressed to the said Eugene Daly, as above set out in this opinion, had reference to his previous habits, but an answer to that branch of the question seems to have been designedly, and was in effect, waived by the appellant.

Whatever, therefore, the jury may have found in relation to such previous habits of the said Daly, was irrelevant and immaterial to the real issue in the cause, and could not be used to antagonize the general verdict.

The evidence took a very wide range as to the time covered by it, and was in many respects conflicting. We can not say that the case is an entirely satisfactory one upon the evidence. But there was evidence fairly tending to sustain the conclusion reached by the jury. Under such circumstances, we can not enter into an estimation of the apparent weight of the evidence, for the purpose of reviewing the action of the jury. *The Mutual Benefit Life Ins. Co.* v. *Cannon,* 48 Ind. 264.

Upon the trial the appellant propounded to one of the witnesses the following question :

" I will ask you if you did not, a great many times, talk to him (Daly) about his habits of drinking, and tell him he must quit, or you would discharge him, and if he did not confess to you that he had drunk too much, and promise to quit?"

The court refused to permit the witness to answer this question, and we see no error in such refusal. Waiving all other objections to the question, it was too indefinite and uncertain as to the time of the supposed conversations inquired about.

Another witness, a physician, testified upon the trial, in

substance, that, probably a year, and possibly two years, before the policy sued on was issued, Eugene Daly consulted him as to his, Daly's, physical condition, seemingly suffering at the time from a nervous prostration brought on by a too free use of alcoholic stimulants.

The appellant then asked the witness to " state what, if any thing, he, Daly, said in this conversation he had with you, as to his seeing things."

The court also refused to permit the witness to answer that question, and we can not say that the court erred in so refusing. The time at which the conversation referred to occurred was too remote, from the time of Daly's application for the policy of insurance, to render such conversation either imperatively or necessarily admissible in evidence under the issue submitted to the jury. We have not considered whether the question might, or might not, have been a proper one under other and different circumstances, as such an inquiry was not necessary to a proper decision of this case.

In our opinion no sufficient reason has been assigned for a reversal of the judgment.

The judgment is affirmed, at the costs of the appellant.