The National Benefit Association of Indianapolis v. Grauman.

No. 12,061.

THE NATIONAL BENEFIT ASSOCIATION OF INDIANAPO-
LIS v. GRAUMAN.

LIFE INSURANCE.—*Benefit Association.*—*Notice and Proof of Death.*—*Plead-ing.*—Where a complaint to recover a death benefit does not explicitly aver notice and proof of the kind required by the certificate, but the facts pleaded are such that the inference necessarily arises that such notice and proof were furnished, the complaint is not bad.

SAME.—*Limitation of Risk to Death Caused by Injury.*— *Complaint.*—Where the risk is limited to a case of death proximately caused by physical injuries of which there shall be some visible external sign, the complaint must make such a case.; but the fact that the injury produced appo-plexy does not render it any less the cause of death.

SAME.—*Statements in Application.*— *Warranties.*—*Burden of Proof.*—The bur-den is on the insurer to prove the untruth of the statements made by the deceased in his application.

INSTRUCTIONS TO JURY.—*Refusal to Give Instruction Asked.*—It is not error to refuse to give an instruction asked, where those given by the court sufficiently cover the subject embraced therein.

· From the Marion Superior Court.

*S. M. Shepard, J. B. Elam, C. Martindale* and *J. Buchanan,* for appellant.

*J. S. Duncan, C. W. Smith, J. R. Wilson, R. Hill* and *W. H. Martz,* for appellee.

MITCHELL, J.—This action was brought by Minnie Grau-man on a certificate of membership issued by the National Benefit Association of Indianapolis, to Isadore Grauman.

It was stipulated in the certificate that the sum represented thereby should not exceed five thousand dollars, which sum was to be paid to Minnie Grauman within sixty days after the receipt of satisfactory proofs that Isadore Grauman had sustained, during the continuance of his membership, bodily injuries, effected through external, violent and accidental means, which had occasioned his death within six months from the happening of such injuries.

To each of the two paragraphs of the complaint a separate demurrer was overruled. This ruling is assailed on two

grounds.  It is said the complaint is insufficient, because it is not averred in either paragraph that satisfactory proof of the death of Isadore Grauman was furnished sixty days before bringing the suit.

It is averred in each paragraph of the complaint, substantially, that on the 28th day of April, 1882, upon a blank furnished by the association for that purpose, notice in writing was furnished of the injury and death, and that thereafter, at the request of the association, other proofs and notice were furnished, which were to be, and were, substituted in place of the notice and proof originally forwarded.  Coupled with the further averment which follows, to the effect that the defendant has wholly failed, and still fails and refuses, to comply with the terms and conditions of the certificate on its part by refusing to pay, the averment is sufficient.

It should have been averred explicitly that notice and proof had been made sixty days before the commencement of the suit, or that the plaintiff had performed all the conditions on her part to be performed.  An attempt was however made to aver notice and proof according to the requirements of the contract, following which it is charged that the defendant was then in default for not having paid according to the conditions of the certificate.  As the defendant could not have been in default, in the absence of such proof as the contract stipulated for, the inference necessarily arises that the proof furnished was such as the certificate required.

The other objection urged against the complaint is that it fails to aver that the death of Isadore Grauman did not result from disease.

It was stipulated in one of the printed conditions annexed to the certificate of membership, that the benefits of the certificate should not extend to any case in which there were no symptoms or visible sign of bodily hurt, nor to any case in which death or disability should occur in consequence of disease.

We agree that in order to recover death must have occurred within the limits of the risk assumed by the contract. The condition above mentioned limited the risk to a case of death, proximately caused by physical injuries, of which there should be some visible external sign. It excluded liability in case death resulted from disease or bodily infirmity. The complaint, however, made a case within the rule above stated.

It is averred in both paragraphs that the assured sustained certain bodily injuries, which were occasioned by two separate falls, the effect and results of which are minutely described. The injuries were in part external and visible. They resulted in apoplexy and death.

The averments leave no room to doubt that death resulted from bodily injury, and not in consequence of disease. The fall and injury upon the head may have resulted in apoplexy. That the injury resulting from the fall produced a condition, aptly designated by that name, did not render it any less the cause of death. *Terre Haute, etc., R. R. Co.* v. *Buck,* 96 Ind. 346 (49 Am. R. 168).

Conceding all that is said in respect to the necessity of showing as a condition precedent to a right of recovery, that death was not the result of disease, we are nevertheless constrained to hold, since the particular facts are averred, which show the physical injuries sustained by the assured, and that death resulted therefrom, that the idea is thereby effectually excluded that death could have resulted in consequence of disease. The demurrer to the complaint was properly overruled.

In the certificate of membership, it was stipulated in effect, that any statements, made by the assured in his written application, were to be considered as warranties that such statements were in all respects true. The court instructed the jury that the burden of proving untrue any of the statements or warranties thus made, was on the defendant. For the appellant it is argued that in so instructing the jury the court erred. In the recent case of *Northwestern Mut. L. Ins.*

*Co.* v. *Hazelett,* 105 Ind. 212, we had occasion to consider the question thus made. Following the decision in the case of *John Hancock M. L. Ins. Co.* v. *Daly,* 65 Ind. 6, and the other authorities cited, our conclusion was that the burden of proof in like cases was, as the court instructed, on the defendant.

The appellant also complains that the court erred in refusing to give an instruction asked on its behalf. Upon consideration of the instruction refused and an examination of the concise and carefully prepared instructions given by the court of its own motion, it appears that there is nothing material to the case embraced in that refused, which was not adequately covered by those given. There was, therefore, no error in the refusal of the court to give the instruction referred to.

Finally, it is argued at much length, and with some plausibility, that the motion for a new trial should have been sustained, because the verdict was not sustained by sufficient evidence. Whatever view might be entertained as to the weight or preponderance of the evidence, it is not, as indeed it could not well be, denied that there is some evidence which strongly tends to sustain the verdict. This being the case, the conclusion reached by the court and jury at the trial can not be disturbed here.

The judgment is affirmed, with costs.

Filed May 24, 1886; petition for a rehearing overruled Sept. 16, 1886.