The Germania Life Insurance Company of New York *v.* Lunkenheimer.

Filed March 31, 1891.

No. 14,594.

THE GERMANIA LIFE INSURANCE COMPANY OF NEW YORK
*v.* LUNKENHEIMER.

INSURANCE.—*Life.*—*False Answers.*—*Agent's Knowledge of Falsity.*—If an applicant for life insurance, in good faith, gives truthful answers to such questions as are asked him, but the agent of the company, whether purposely or not, without the knowledge or consent of the assured, inserts false answers, the wrong is that of the company and not that of the assured; and the company is estopped to contest the validity of a policy issued thereon, although by the terms of such policy such answers and the application containing them are a part of the contract of insurance, and the assured warrants that all answers given are true.

SAME.—*Failure to Read Application Prepared by Agent of Insurer.*—*Reformation of Application.*—An assured, who has fully, truthfully, and in good faith answered all the required questions put to him by the agent of an insurance company, is not guilty of negligence in signing the application when such agent has prepared it, without reading it. It is immaterial whether the agent acted dishonestly or mistakenly. Nor is it necessary to reform such application in order to secure a recovery on the policy.

SAME.—*Pleading not Necessary to Show Company is Forbidden to Set up an Estoppel.*—*Presumption.*—In an action on such an application it is not necessary to allege that the company is, by its charter, estopped to set up the illegal acts of the agent to avoid the policy issued upon such application. If such charter authorizes such a course the company must plead it as a defence. There is no presumption that the company's charter contains anything so at variance with settled principles of law.

From the Warrick Circuit Court.

*G. Palmer,* for appellant.

*C. Staser, A. Gilchrist* and *C. A. De Bruler,* for appellee.

McBRIDE, J.—This was an action by the appellee against the appellant to recover on a life insurance policy for $5,000 issued by appellant on the life of appellee's husband, Frederick Lunkenheimer.

The policy contained the following clause :

" This policy is issued, and the same is accepted by the said assured, upon the following express conditions and agreements : That the same shall cease, and be null, void and of no effect ; and that this company shall not be liable for the payment of the sum assured, or any part thereof, but that all premiums previously paid shall be the absolute property of the company, without any account whatever to be rendered therefor, except as hereinafter provided in the fourth condition of this policy :

" 1st. If the representations made in the application for this policy, upon the faith of which this contract is made, shall be found in any respect untrue."

The application contained the following :

" It is hereby declared and agreed that all the statements and answers to the printed questions written above, which, together with this declaration and agreement, constitute an application to the Germania Life Insurance Company of New York for an insurance of five thousand dollars upon the life of Frederick Lunkenheimer are offered to the said company as a consideration of the contract applied for, each of which statements and answers, whether written by his own hand or not, every person whose name is hereto subscribed adopts as his or her own, admits to be material, and warrants to be full, complete and true, and to be the only statements given to the company in reply to its inquiries, and upon which, should the insurance applied for be granted, the company's contract will be founded.   And this application is submitted to the said company, with the following express covenants and agreements." * * *

" 2. That if the insurance applied for be granted by the company, the policy, if accepted, will be accepted subject to

538     SUPREME COURT OF INDIANA,

The Germania Life Insurance Company of New York v. Lunkenheimer.

all the conditions and stipulations contained in the policy, and that the entire contract contained in the said policy, and in this application, taken together, shall be construed and interpreted as a whole, and in each of its parts and obligations, according to the charter of the said company and the laws of the State of New York, the place of the contract being expressly agreed to be the principal office of the said company in the city of New York."

One of the questions which, by the application, the applicant was required to answer, was the following:

"4-c. Have you applied for an assurance or restoration of a lapsed policy with this or any other company without having led to an assurance or restoration? If so, with which companies? And for what reason did the application not lead to an assurance or restoration?"

This question was answered, "No."

The application was made on the 14th day of April, 1881, and the policy was issued on the 21st day of April, 1881.

On the — day of August, 1880, said Lunkenheimer had applied to the Ætna Life Insurance Company of Hartford, Connecticut, for an assurance upon his life, and his application was rejected before the application was made to appellant upon which the policy in suit was issued.

The answer above quoted was, therefore, untrue, and, *prima facie*, appellant is not liable, as there can be no serious doubt that the question thus propounded and answered was material.

With reference to this answer the complaint contains the averment that the application, in so far as said answer is concerned, "Was not, and is not, the application of Frederick Lunkenheimer or of the plaintiff, but the same was solely the act of the defendant. Said application was entirely prepared and written by one George Bauer, who was at the time the general agent of the defendant in procuring said assurance on said Frederick Lunkenheimer's life. Said application was entirely prepared by said Bauer, and all the

answers to questions therein were written by said Bauer, or under his dictation. Said Frederick Lunkenheimer at the time said application was prepared and written informed said Bauer, that he, said Frederick, had previously to that time made an application to a life insurance company for a policy upon his life, and that no policy had been issued by said company upon said application. Said Bauer was then fully informed of all matters in relation to said application to said life insurance company, and of the action of said life insurance company upon said application. Said Bauer thereupon prepared said application to defendant, as he claimed it was his duty as said agent to do, and thereupon wrote the answer to the question above set out, or caused it to be written by another agent of defendant as it appears in said application, and assured said Frederick Lunkenheimer that all questions in said application were correctly and properly answered, and that he, as the agent of the defendant, had correctly prepared said application; and thereupon said Frederiek Lunkenheimer signed said application upon the assurance of said Bauer that the same was in all things correctly made. * * * The answer in said application, to the question hereinbefore set out, was inserted in said application by said Bauer without the knowledge of said Frederick Lunkenheimer or the plaintiff, and without any collusion or fraud upon the part of either said Frederick Lunkenheimer or the plaintiff."

This presents the only controverted question in the case, appellant insisting that upon the foregoing facts there is no liability.

The question is presented,

1. By demurrer to the complaint, which the court below overruled.

2. By the action of the trial court in overruling a motion by appellant and sustaining a motion by appellee for judgment on a special verdict returned by the jury trying the cause, and

3. By the overruling by the trial court of a motion for a new trial made by appellant.

There are four assignments of error, but each assignment presents the same question, and a ruling on one determines all.

The special verdict, in so far as it affects this question, finds, in substance, that the application for the insurance was taken by one George G. Bauer, who was at the time general agent for appellant for the southern half of the State of In-diana, and one Samuel I. Loewenstein, who was at that time local agent for appellant at the city of Evansville, both of whom had known the assured for at least fourteen years prior to said time; that on the 13th day of April, 1881, and also on the 14th day of said month, said Bauer personally solicited Lunkenheimer to take a policy with appellant, and that each time Lunkenheimer stated to Bauer that it was no use for him to apply for insurance upon his life, for the reason that he had before that time made application to another insurance company for insurance on his life, and that said application had been rejected; that on both of these occasions Bauer replied that " he need not bother his head about that, and that that was the company's business, and that if he passed successfully an examination by the physician appointed by the defendant, the fact that he had been previously rejected by another company would not prevent his procuring insurance with the defendant." That on the 14th day of April, 1881, and immediately after Lunkenheimer had informed Bauer of his said previous rejection, Bauer and Loewenstein, both being at the office of Lunkenheimer, together filled out the application, Loewenstein writing all the answers, and Bauer standing by him looking at each question and dictating many of the answers without referring either question or answer to Lunkenheimer, and that the question over which this controversy arises was not read to, or in any manner made known to, Lunkenheimer, but that Bauer, looking at the question in the application, told

Loewenstein to write the answer, " No." That when all this was done said parties, although in the same room, were distant some fourteen feet from Lunkenheimer, who did not then or at any other time have any knowledge. of the manner in which said question had been answered ; that he did not read the application nor was it.read to him, but by direction of Bauer he signed it in the place indicated by Bauer, who then carried it away with him. They also find that the plaintiff also had no knowledge of the manner in which said question was answered, and that there was no collusion or fraud on the part of either plaintiff or the assured.

Prior to the death of the assured he had paid on said policy five annual premiums amounting to $1,407.25.

The principles which must control in the decision of this case have been many times recognized and applied by this court, and the cases in which they have been thus applied meet the approval of the court as now constituted.

The application for insurance in this case was prepared by an agent, or by agents, of the appellant. The statement of the application whereby the assured agrees to " adopt as his own, admits to be material, and warrants to be true " all statements and answers therein written, whether written by his own hand or by the hand of another, does not change the relations existing between the parties engaged in the preparation of the application. The avowed object in propounding to an applicant for insurance the questions embraced in the written application is to elicit information which will enable the insurance company to determine intelligently whether or not it can safely accept the risk. When the questions are asked it is the duty of the applicant to answer truthfully, and if he gives a false answer, and the company is deceived thereby, and induced to accept an unsafe risk, there is abundant reason for relieving it from liability because of the deception.

The agent, whether he is called a general or a special agent, who, by authority of an insurance company, solicits one to take a policy of insurance, in taking the application of such

person stands as the representative of the company in so doing, and as such representative he is authorized to require of the applicant truthful answers to all material questions contained in the application. If the company accept the risk and issue the policy it can not then say to the assured, " The agent represented me only while soliciting your insurance, but when he commenced to write your application he ceased to represent me and became your representative, and as your agent presented the application to me." The courts can not thus give judicial approval to Dr. Jekyll and Mr. Hyde.

As is said in the case of *Commercial Fire Ins. Co.* v. *Allen,* 1 South. Rep. 202: " Such shifting use of a paid employee finds no sanction in that sturdy morality which should underlie every system of jurisprudence."

If the applicant for insurance, in good faith, gives truthful answers to such questions as are asked him, but the agent, whether purposely or not, but without the knowledge or connivance of the assured, inserts false answers, the wrong is that of the company and not that of the assured. The company will be estopped to attribute wrong to the assured. They are authorized to propound the questions that they may learn the truth. When truthful answers are given to their agent they have acquired a knowledge of the truth, as they are charged with knowledge of the facts thus imparted to him. As long as the assured acts in good faith it is altogether immaterial what the agent's motive may have been for suppressing or perverting the truth. Nor can it be said that the assured, who has fully, frankly, truthfully and in good faith answered all the required questions, is guilty of negligence in signing, without reading, the application which is thereupon prepared by the agent. He is justified in assuming that the agent has with equal good faith truthfully recorded the answers given. He may well say to the company, "You accredited this man to me as your representative and I signed the application thus prepared by him, re-

lying upon the character which you gave him when you commissioned him to come to me as your agent. If he acted dishonestly in the matter, you and not I must suffer the consequences." There is no necessity for a reformation of the contract. A reformation of a contract may be had when by mutual mistake of the parties, or by mistake of the scrivener, something has been written differing from that which both parties intended should be written, provided the mutual mistake is as to a question of fact.

Here one party to the contract states a truth, while the agent of the other party, pretending to record that truth, deliberately records a falsehood instead. When the principal of the dishonest agent is sued he will not be permitted to escape liability simply because of his own agent's dishonesty. He can not say to the assured: "Because you did not suspect my agent of dishonesty, and carefully read the contract written by him before signing it, your negligence was so gross that it relieves me from liability to account to you, and (as is argued with great earnestness in this case) even creates suspicion of your integrity, and that you were in collusion with my agent to rob me." Nor is it material in this case whether the untruthful answer was thus written from dishonest motives, or merely through mistake. The party whose act it was can not complain that the other party to the contract was guilty of negligence in trusting either his honesty or his accuracy.

We are sustained in the foregoing by the following authorities: *Phenix Ins. Co.* v. *Allen*, 109 Ind. 273 ; *Commercial Union Assurance Co.* v. *State, ex rel.*, 113 Ind. 331 ; *Geiss* v. *Franklin Ins. Co.*, 123 Ind. 172 ; *Indiana Ins. Co.* v. *Hartwell*, 123 Ind. 177 ; *Phenix Ins. Co.* v. *Golden*, 121 Ind. 524 ; *Rogers* v. *Phenix Ins. Co.*, 121 Ind. 570 ; *Phœnix Ins. Co.* v. *Stark*, 120 Ind. 444 ; *Phenix Ins. Co.* v. *Pickel*, 119 Ind. 155 ; *Pickel* v. *Phenix Ins. Co.*, 119 Ind. 291 ; *Plumb* v. *Cattaraugus Co. M. Ins. Co.*, 18 N. Y. 392 ; *Insurance Co.* v. *Wilkinson*, 13 Wallace, 222 ; *Insurance Co.* v. *Mahone*, 21

Wallace, 152; *New Jersey M. L. Ins. Co.* v. *Baker*, 94 U. S. 610; Wood Fire Ins. (2d ed.) 426–427; May Ins. p. 687; *McArthur* v. *Home Life Ass'n*, 73 Iowa, 336; *Mowry* v. *Rosendale*, 74 N. Y. 360; *Dunbar* v. *Phenix Ins. Co.*, 72 Wis. 492; *Continental Ins. Co.* v. *Pearce*, 39 Kan. 396; *Western Assurance Co.* v. *Rector*, 85 Ky. 294; *Hingston* v. *Ætna Ins. Co.*, 42 Iowa, 46; *Bartholomew* v. *Merchants' Ins. Co.*, 96 Am. Dec. 65; *Bennett* v. *Agricultural Ins. Co.*, 106 N. Y. 243; *Miller* v. *Phœnix Mut. Life Ins. Co.*, 107 N. Y. 292, and a large number of other cases that might be cited.

Appellant insists that the complaint is bad, because the application which was made a part of the complaint required that the contract should be construed according to the charter of the company, and that the plaintiff should allege and prove that the charter contained nothing to preclude the appellee from setting up the estoppel growing out of the acts of appellant's agent.

It will not be presumed that the charter of appellant contains anything so at variance with settled principles of law, but if it does, and if appellant could avail itself thereof in an action of this character, it must be done by answer.

It is said that the contract is, by its terms, a New York contract, and to be interpreted and governed by the laws of that State. The complaint set out the law of New York as applicable to the facts of the case, and the jury found the same as a part of the special verdict. The law thus found, as the law of the case, is in accordance with the law of this State as hereinbefore declared.

Appellant insists, also, that the special verdict does not cover the material averments of the complaint, in this, that instead of finding that the question which, it is alleged, was answered untruthfully, was propounded to the assured and answered by him, it finds that prior to the preparation of the application, but on the same day, the assured informed appellant's said agent of his previous application and rejec-

-tion, and had also done so on the preceding day, and that for that reason the judgment was erroneous.

The answer as recorded, if the answer of the assured, would be material and would avoid the policy because of its falsity, and because the falsehood would constitute a breach ·of the warranty of the truth of appellant's answer. It would be material because a denial of an important fact of which appellant had a right to be informed. If, however, the assured did not deny such a fact, but disclosed it to said agent before the preparation of the application, and said agent thereupon prepared the application with full knowledge thereof, it is altogether immaterial whether the information was imparted in answer to that precise question or not.

The material fact is, did the assured disclose the truth at or before the making of the application, or did he deceive appellant with a falsehood? The precise formula of words used, or the precise hour of the disclosure, is not material.

We find no error in the record, and the judgment is af-. firmed with costs.

