## MODERN WOODMEN OF AMERICA v. NOYES ET AL.

[No. 19,810.    Filed May 20, 1902.]

158 503
163 393

INSURANCE. —*Foreign Fraternal Company.* —*Process.* —In an action against a foreign fraternal and beneficial corporation on a benefit certificate, service of process on the chief officers of the local lodge is sufficient, where such corporation had failed to comply with §4914s Burns 1901, by filing with the Auditor of State its consent that service of process might be made upon such officer. *pp. 504–506.*

SAME.—*Liability on Policy.—Exception.—Pleading.*—Where in a life policy the engagement to pay is general, it is not necessary in an action on the policy that the complaint should negative a provision of non-liability in the nature of an exception, since that is a matter of defense. *pp. 506, 507.*

From Steuben Circuit Court; *E. D. Hartman,* Judge.

Action by Cora B. Noyes and another against the Modern Woodmen of America on an insurance policy. From a judgment for plaintiffs, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. W. White, D. R. Best, E. A. Bratton* and *C. A. Yotter,* for appellant.

*J. G. Yeagley, W. G. Croxton* and *F. M. Powers,* for appellees.

GILLETT, J.—The appellees brought this action against appellant in the court below upon a policy of insurance or benefit certificate issued by appellant to appellees, insuring the life of one Frank Noyes. On the 14th day of

September, 1899, appellant was defaulted, and, upon a submission of the cause, final judgment was rendered against it for the amount of said policy or certificate. Sixteen days later appellant appeared specially, and filed a verified motion to set aside the default and vacate the judgment; but this motion was overruled, to which ruling appellant excepted, and it has taken the proper steps to present the question as to the correctness of said ruling for our consideration.

As the appearance of appellant was in form special, and for the sole purpose of the motion, the court was authorized to overrule said motion, if it had theretofore obtained jurisdiction over the person of the appellant. It is upon the theory that there was no such jurisdiction, and not on the theory that the court should have relieved it on the ground of inadvertence, that appellant's counsel now contend that said motion should have been sustained.

The service of process upon which appellees rely to support their judgment was had upon the chief officers, including the consul and the clerk, of a local lodge of said appellant, designated by it as local camp number 4789. It appears from said motion that the appellant is a foreign fraternal and beneficial corporation; that it has a system of local camps, possessing a ritualistic form of work, and a representative form of government; that it has two classes of members,—social and beneficial; that, if a person becomes a beneficial member of said society, he is required to make application for such membership to one of its local camps; that, if such camp approves the application, it is forwarded to the supreme officers of said order, and if they approve it, a benefit certificate, such as the one sued on, is transmitted to the local camp, and upon the applicant being initiated into said camp the certificate is countersigned by the consul and clerk of the local camp, and the applicant thereupon becomes entitled to said certificate, which authorizes the beneficiary therein named to recover the amount

thereof upon the death of the assured, provided that the conditions of said certificate have been performed. It further appears from said motion that said Frank Noyes made his application for membership in said society as a beneficial member, through said local camp number 4789; that he was inducted by said local camp into said society as a beneficial member thereof, and that the certificate sued on was issued to him by appellant; and that it was duly countersigned by the consul and clerk of said local camp. There are other allegations of fact in said motion, but they do not bear upon the question that is now before us. It appears that the appellant had failed to deposit with the Auditor of State a certified copy of a vote or resolution of the board of directors of said society, consenting that service of process in any suit against said society might be served upon the Auditor of State, with like effect as if such society was incorporated in this State, as required by Acts 1897, §19, p. 318, §4914s Burns 1901.

It is contended by appellant's counsel, notwithstanding such omission, that it was not competent to serve it with process under the provisions of the code, because service upon the Auditor of State would have been a sufficient service as against appellant, even without the written consent being deposited, for the reason that the society would have been estopped to deny the validity of such service, having done business in the State. The cases of *Ehrman* v. *Teutonia Ins. Co.,* 1 McCrary 123, *Knapp* v. *National, etc., Ins. Co.,* 30 Fed. 607, and *Hagerman* v. *Empire Slate Co.,* 97 Pa. St. 534, are cited in support of the proposition as to an estoppel. The claim of an estoppel in such cases has a basis in sound reason where the judgment under attack is based on such service, but where the service was not had on the Auditor of State the society cannot be heard to insist that service shall be had upon it under a statute that it has disregarded. The requirement of §20 of said act, that service shall be had upon the Auditor of State, only applies, by

the express terms of said section, to such foreign life insurance companies as are doing business in this State under the provisions of said act.

We think that, under the circumstances of this case, the service that was had under the provisions of the code was sufficient. §318 Burns 1901; *Supreme Council, etc.,* v. *Boyle,* 15 Ind. App. 342; *Funk* v. *Anglo-American Ins. Co.,* 27 Fed. 336; *Clews* v. *Rockford, etc., R. Co.,* 49 How. Pr., 117. See as to service upon foreign corporations generally, note to *Foster* v. *Betcher Lumber Co.,* 5 S. Dak. 57, 58 N. W. 9, as reported in 23 L. R. A. 490, 49 Am. St. 859.

The appellant, by a proper assignment of error, presents the question as to whether the complaint states facts sufficient to constitute a cause of action. It is claimed by appellant's counsel that, in view of the provisions of the certificate sued on, the complaint should have alleged that said Frank Noyes did not die "as a result of any means or act, which, had such means or act been used or done by him while in the possession of all his natural faculties unimpaired, would be deemed self-destruction." The complaint alleges, among other things, that the assured "fully paid all dues and assessments levied and charged against him on account of his said membership and benefit certificate aforesaid, and kept, did, and performed all the conditions, rules, regulations and requirements upon his part with said defendant." If the clause in the certificate relative to death by self-destruction is to be·regarded as a condition precedent, the above general averments of performance were sufficient, under the code, in view of the provisions of the certificate. §373 Burns 1901. The certificate sued on contains a general engagement to pay the beneficiaries in case of the death of said Frank Noyes while a beneficial member of the society in good standing. In a subsequent portion of the instrument it is provided that it "is issued and accepted only upon the following express warranties, conditions, and agreements:

Modern Woodmen *v.* Noyes.

\*     \*     \*     5. If the member holding this certificate     \*
\*     \*     shall die within three years after becoming a member of this society, as a result of any means or act which, had such means or act been used or done by him while in possession of all his natural faculties unimpaired, would be deemed self-destruction,     \*     \*     \*     then this certificate shall be null and void." We think, in view of the fact that the engagement to pay was general, at least as far as the particular under consideration is concerned, and that the provision for non-liability in the particular contingency was in the nature of an exception, that it devolved upon the appellant to aver and prove, as a matter of defense, facts bringing it within the exception. As said in *Louisville Underwriters* v. *Durland,* 123 Ind. 544, 547, 7 L. R. A. 399 : "If they amount to warranties, or are exceptions (and they are given both names by the appellant) it was not necessary that their violation be negatived in the complaint. It is not required of the plaintiff in an action on an insurance policy that he in his complaint negative warranties and exceptions stated in the policy. If the loss is within a warranty or exception, it is matter of defense, which must be pleaded affirmatively by the defendant. *National Benefit Assn.* v. *Grauman,* 107 Ind. 288 ; *Piedmont, etc., Ins. Co.* v. *Ewing,* 92 U. S. 377, 23 L. Ed. 610 ; *John Hancock, etc., Ins. Co.* v. *Daly,* 65 Ind. 6 ; *Northwestern, etc., Ins. Co.* v. *Hazelett,* 105 Ind. 212, 55 Am. Rep. 192 ; *Phenix Ins. Co.* v. *Pickel,* 119 Ind. 155, 12 Am. St. 393 ; May Ins., §183."

There is no error in the record.

Judgment affirmed.