## STENGER *v.* METROPOLITAN LIFE INSURANCE COMPANY.

[No. 9,846.    Filed June 6, 1919.   Rehearing denied October 31, 1919.   Transfer denied February 2, 1922.]

1. APPEAL.— *Record.— Index.— Rules of Court.—* Where appellant indexed all the record made in compliance with the praecipe, and relating to the questions presented by the assignments of error, there is a sufficient compliance with Rule 3 of the Appellate Court, requiring the record to be indexed, though there is no index showing where papers and entries others than those named in the praecipe, which were copied by the clerk and which have no bearing on the questions presented, can be found.  p. 531.

2. PLEADING.—*Answer.—Overruling Motion to Make More Specific.—Matters for Reply.—*In an action on a policy of life insurance defended on the ground of insured's false representations as to his health, it was not error to overrule plaintiff's motion to make a paragraph of answer more specific by stating whether or not the person who took the application and medical statements knew that the statements made therein were false, and whether the persons taking and sending these papers to the insurance company were its employes, as such facts, if material, were proper matter for reply.  p. 531.

3. APPEAL.—*Briefs.—Waiver of Error.—*Where appellant's brief fails to state any point or proposition in support of an assignment of error as to the overruling of the demurrer to a paragraph of answer, any question as to the sufficiency of the paragraph is waived.  p. 531.

4. APPEAL.—*Review.—Erroneous Ruling on Pleadings.—Prejudicial Error.—*In an action on a life policy, where the third paragraph of defendant's answer pleaded facts sufficient to bar a recovery, and the facts pleaded in the second and third paragraphs of plaintiff's reply were in confession and avoidance of the third paragraph of answer, and such facts were inadmissible under the general denial, error in sustaining the demurrers to the paragraphs of reply was not harmless, but requires a reversal.  p. 532.

5. INSURANCE.—*Life Insurance.—Forfeitures.—Estoppel.—False Answers Inserted in Application by Agent.—*Where an applicant for life insurance, in good faith, gives truthful answers to questions asked him as to his health, but the agent, whether purposely or otherwise, without the knowledge or connivance of

the applicant, inserts false answers in the application, the wrong is that of the insurer and it is estopped from attributing it to the applicant.  p. 532.

6.  INSURANCE.—*Life Insurance.—False Answers Inserted in Application by Agent.—Failure of Applicant to Read Answers. —Negligence.*—An applicant for life insurance is justified in assuming that the insurance company's agent has, in good faith, correctly recorded his answers to the questions asked him, and where he has, in good faith, made truthful answers, he is not chargeable with negligence if he signs the application thus prepared without reading it.  p. 532.

From Whitley Circuit Court; *Edward O'Rourke,* Special Judge.

Action by Bertha V. Stenger against the Metropolitan Life Insurance Company.  From a judgment for defendant, the plaintiff appeals.  *Reversed.*

*William A. Branyan, Wilbur E. Branyan* and *McNagny & McNagny,* for appellant.

*Breen & Morris,* for appellee.

McMAHAN, J.—This action was brought by appellant against appellee to recover on an insurance policy issued by appellee on the life of Carl Stenger, in which appellant was made the beneficiary.

The appellee filed an answer in three paragraphs. The only questions involved in this appeal relate to the third paragarph of answer and to the second and third paragraphs of reply thereto.

The third paragraph of answer admits the issuance of the policy sued on and alleges that on August 19, 1909, Carl Stenger, hereinafter designated as the insured, made a written application for said policy in which he made and signed a statement to the medical examiner, which application and statement were attached to and made a part of said policy; that it was agreed by appellee and the insured that no statements, promises or information made or given by or to the person soliciting said insurance should be binding on the company or

affect its rights unless in writing; that it was agreed between the parties that the statements in the said application and medical examination were correct and true and that they should form the basis of the contract of insurance; that appellee issued the policy in reliance upon the truthfulness of said statements; that the insured in said application and medical statement stated that he had never had any disease of the heart, blood vessels or kidneys; that he had no medical attendant and had had none and had not consulted with any physician; that said statements were false and untrue; that said insured had within a year immediately preceding the signing of said application suffered and been afflicted with heart disease, nephritis or Bright's disease, and consulted and was treated by physicians for one or more of said diseases, and during said time had been attended by four or five different physicians who had treated him for said diseases and other diseases; that appellee had no knowledge and no reasons to know that said statements were false and untrue until after the death of insured when it received the proofs of death and that by reason of information set out in the proof of death it made an investigation and then for the first time learned that said statements were actually untrue and that it thereupon immediately notified appellant that it rescinded the contract of insurance and tendered her the premiums which the insured had paid and on her refusing to accept the same brought the money into court for the use of appellant.

Appellant filed a motion to make the third paragraph of answer more specific which motion was overruled and exception saved. Appellant then filed a demurrer for want of facts which was also overruled and exception saved after which appellant filed a reply in three paragraphs. The first paragraph of reply was a general denial. The second paragraph alleged that at the time

the application in question was signed George A. Lieber was the general agent and assistant superintendent of appellee and maintained an office in the city of Huntington, was authorized by appellee to solicit insurance and was furnished blanks for such purpose by appellee; that the insured was the plaintiff's husband, was a man of but little education and business experience, was simple minded and confiding, was inclined to rely on the statements of those whom he regarded as his friends and possessed of superior ability; that he was a boiler-maker by trade and was for some years prior thereto continuously employed at such work; that said Lieber was a persuasive talker, possessed of the arts and wiles of a diplomat; that he sought out the assured and importuned him to take out a policy upon his life and urged that it was his duty so to do as a protection to his family; that it was a good investment and that on the evening of August 19, 1909, said Lieber so acting as defendant's agent came to his home and urged the necessity of the assured taking out the policy; that said agent asked the assured many questions about whether or not he had any infirmities or diseased condition about his health at that time; how it had been in the past; that the assured fully and truthfully answered all the said questions and gave the said agent full information in response to his questions and told him about any and all sick spells he had had including those set up in the third paragraph of answer; also what doctors had prescribed for him, their names, when they had called upon him and what ailments they had reported to him. He also informed said agent that he was then working at his trade as a boiler-maker, which was true; that he answered said agent fully about his last attack of illness and gave him all the details thereabout as far as he knew; that he did not conceal from said agent any fact known to him, the assured, about his past or then

physical condition or infirmities; that thereupon said agent at the time acting for defendant informed the insured that his past attack of sickness was of little importance and would not prevent him from obtaining life insurance from the defendant and further that if he passed the physical examination of the company's physician he would be a good and safe risk. That as a formal matter, he would be required to make a written application for such insurance, but that as he, said agent, was familiar with such matters, he, said agent, would fill out the application for him except that part that the medical examiner was to do and that the medical examiner would do that.

That said agent then proceeded to write the answers to the questions; that the assured did not read such application but that said agent assured him that it was in proper form and that all parts thereof, which were material, were filled out in accordance with the truthful statement of the assured with reference to his then and past physical condition and that he was a safe and reliable risk.

The assured believed him and relied upon his statement and so relying and believing, signed the application and the agent put the same in his pocket and carried it away with him. That within an hour from that time, Dr. F. B. Morgan of Huntington, Indiana, defendant company's physician, appeared at the assured's home and gave him a careful physical examination; that said Morgan was a reputable physician, in good standing in his community and was so known to be by the assured at the time; that applicant truthfully answered all questions asked him by said physician about his then and past physical condition, did not conceal from him any facts known to the insured on this subject and truthfully told him about the various times he had been sick, including those mentioned in the answer, so

far as the assured knew and said assured at that time had no knowledge that he had Bright's disease or organic heart trouble and did not express any opinion as to whether he had any kidney disease. He communicated to said examining physician what doctors had given him medicine and what doctors he had consulted about any sickness he had had and also told the examining physician what he had learned from said doctors as to any ailment he had had so far as he had the knowledge from them. That said examining physician was not employed by the assured but was employed by the defendant company and was acting solely at its instance and request and under its employment. He was further informed by said Morgan at the time of the examination that the company did not care for every little detail about his physical condition but that it was the serious illnesses and diseases which would affect him constitutionally that were important, and that he, the doctor, was making this examination for the defendant company to determine for the latter what his physical condition was and whether the company would write the policy on his life; that said physician conversed with the assured from time to time as he was making the examination and filling out the statement relative thereto and when he had finished, informed the assured that he was sound under the rules of the company, a good insurance risk, and that he should sign said document so filled out by said physician, which the assured then and there did without reading. Said physician did not give the insured any instructions concerning the questions and answers in said report, but filled out the answers contained therein during the progress of said examination.

That the insured depended upon said physician to decide whether he was a fit subject for insurance and that he did not know himself whether he was or not, but

believed he was and relied upon and believed all the statements made to him by said examining physician, that the latter told him that he was in good health, a first class risk and so reported to the defendant company; that upon the recommendation of said agent and physician, the policy in suit was issued; that the assured did not make said application until he had been repeatedly importuned to do so by defendant's agents; that he did not make said application with any intent to deceive, mislead or defraud defendant as to his then or past physical condition and state of health; that said physician and defendant all had more and better information about the assured's physical condition than the latter did himself; that when the assured made said application he honestly and in good faith believed that he was not suffering from any serious or organic disease or from any of the diseases set forth in the answer; that up to the time of his death the assured had been a strong and apparently healthy man and before the date of making application had never been confined to his bed since childhood; that after that time as well as before he worked at his trade, which was a hard and laborious one that required great physical vigor, to be performed; that defendant upon information furnished by its agent and physician, issued said policy, collected the premiums therefor and retained the same, until the commencement of this suit; that with the information aforesaid and with the full knowledge of the real and true physical condition and state of health of the assured both before and after the said policy was issued, the defendant accepted said premiums, did not make any objection to the assured's physical condition or take any steps to avoid said policy or return said premiums until after the death of the assured and a right of action had accrued on the policy to the plaintiff.

VOL. 77—34

Defendant never gave the assured any notice that it did not regard said policy as valid and binding or that in case of his death it would seek to avoid the liability on technical grounds and deprive the plaintiff of the provisions therein made for her; that the assured did not knowingly or purposely make any false or untrue statements or representations to the company or to any of its agents to induce it to execute said policy. That the assured had never, to his knowledge, been treated by a physician for any of the diseases alleged in the answer, that no physician had ever communicated to him that he was afflicted with any of said diseases; that defendant by collecting said premium and retaining the same, and treating said policy as valid and in force, did induce the assured and the plaintiff to believe that said policy was valid and enforceable; that it is now estopped from repudiating said policy and turning the plaintiff away without relief; that had not the defendant, by the conduct aforesaid, induced the assured to believe and rely upon the fact that said policy was valid, he would never have paid said premium; that after such policy was delivered to him, the assured continued to work at his trade until five days prior to his death; that the plaintiff denies all the material allegations in said third paragraph of answer, not specifically admitted to be true; that finally, plaintiff avers that the assured acted in all things fairly, honestly and in good faith with the defendant, was not guilty of any bad, deceptive or fraudulent intent or practice in securing the policy and the defendant is bound in fairness, good faith and justice to pay said policy, together with the interest thereon to the plaintiff, etc.

The third paragraph of reply is substantially the same as the second. Appellee's demurrers for want of facts were sustained to the second and third paragraphs

of reply to which ruling appellant excepted and refused to plead further. Judgment was then entered for appellee.

The errors assigned are: (1) The overruling of the motion to make the third paragraph of answer more specific, (2) the overruling of the demurrer to the said paragraph of answer, (3) the sustaining of the demurrer to the second paragraph of reply, and (4) the sustaining of the demurrer to the third paragraph of reply.

Appellee insists that appellant has failed to prepare an index of the record as required by Rule 3, of this court and that the appeal should be dismissed.

1. The appellant indexed all the record made in compliance with the praecipe. The clerk, however, copied a number of papers and entries other than those named in the praecipe and which have no connection with or bearing upon the questions raised in this appeal. There is no index showing where these papers and entries can be found. All of the record relating to the questions presented by the assignments of error is indexed. This is a sufficient compliance with the rule.

Appellant filed a motion to make the third paragraph of answer more specific by stating whether or not the persons who took the application and medical

2. statements knew that the statements therein made were false and whether the persons taking and sending these papers to the appellees were employes of appellee. There was no error in overruling this motion. These facts, if material, were proper matter for reply.

Appellant has failed to state any point or proposition in support of the second assignment of error and she has thereby waived any question as to the suffi-

3. ciency of the third paragraph of answer.

The appellant insists that the court erred in

sustaining appellee's demurrers to the second and third paragraphs of reply addressed to the third paragraph of answer. The questions raised by each of these demurrers are the same and will be considered together.

Appellee contends that no question is raised relative to the ruling of the court in sustaining said demurrers for the reason that it is conceivable that under the issues presented by the first, second and third paragraphs of answer that the ruling of the court in sustaining the demurrers to said paragraphs of reply were harmless, even though erroneous. We cannot agree with this contention. The third paragraph of answer pleaded facts sufficient to bar a recovery. The facts pleaded in the second and third paragraphs of reply were in confession and avoidance of the third paragraph of answer and were not, as appellee contends, admissible under the general denial.

In determining the sufficiency of these paragraphs we are not without authority. In Michigan, etc., Co. v. Leon (1894), 138 Ind. 636, 37 N. E. 584, the court said: "It is settled in this State that if the applicant for insurance, in good faith, gives truthful answers to such questions as are asked him, but the agent, whether purposely or otherwise, but without the knowledge or connivance of the assured, inserts false answers, the wrong is that of the company, and not that of the assured. Under such circumstances the company will be estopped from attributing the wrong to the assured. When truthful answers are given to their agent, in good faith, the company has acquired a knowledge of the truth, as it is charged with the knowledge imparted to its agent. As long as the assured acts in good faith, it is immaterial what the agent's motives may have been for suppressing or perverting the truth. The assured is justified in assuming that the agent has, in good faith, correctly recorded his answers to the ques-

tions asked him, and where he has, in good faith, made truthful answers, he is not chargeable with negligence if he signs the application thus prepared without reading it. When the company sends out its accredited agents to solicit insurance, those to whom such agents may apply have a right to rely upon the credit thus given them by their principal, and if the agent acts dishonestly, the dishonesty should be charged to his principal, and not to those with whom he may deal."

The authorities sustaining this view are numerous and have been so often cited in our reports that it is unnecessary for us to cite them again. For a collection of authorities on this subject see *Germania Life Ins. Co.* v. *Lunkenheimer* (1891), 127 Ind. 536, 26 N. E. 1082.

We hold that it was reversible error to sustain the demurrers to said second and third paragraphs of reply. The cause is reversed with directions to overrule said demurrers and for further proceedings not inconsistent with this opinion.