WESTERN AND SOUTHERN LIFE INSURANCE COMPANY *v.* SPENCER.

[No. 14,142. Filed February 25, 1932. Rehearing denied May 19, 1932. Transfer denied December 8, 1932.]

282

*Wilmer T. Fox, Bruce & Bullitt, William Marshall Bullitt* and *D. L. Street,* for appellant.

*James W. Fortune,* for appellee.

WOOD, P. J.—Appellee, as beneficiary, brought suit against appellant to recover for money alleged to be due her upon two policies of life insurance issued by appellant upon the life of one Louise Humes. The complaint was in two paragraphs. Each policy was the same, except as to number and date of issuing. The allegations

of each paragraph of complaint, except as to the number and date of issue, was substantially as follows: That appellant was an insurance corporation organized in the State of Ohio, was operating an insurance business under the laws of Indiana and engaged in that business in Clark County, Indiana; that on July 18, 1927, appellant, in consideration of a cash premium and weekly payments to be made, issued a policy of insurance to Louise Humes, a copy of which policy was made an exhibit to the complaint; that on July 25, 1927, she authorized appellant to pay the amount of insurance due under the policy to appellee; a copy of said authorization was made an exhibit to the complaint; that the premiums were paid to and including the week of October 15, 1928, at which time Louise Humes died; that on October 16, 1928, and more than twenty days before bringing this suit appellee furnished proofs of death as required by the policy; that the said Louise Humes and appellee had performed all the conditions by them to be performed under the terms of said policy; that appellant had failed to perform the conditions imposed upon it; that by reason of said facts there was due appellee the sum of $500 with six per cent interest from October 16, 1928; that same was unpaid. Appellant filed separate motions to make each paragraph of complaint more specific by stating whether Louise Humes was in sound health on the date and delivery of the policy, which were overruled. Separate demurrers for insufficiency of facts were addressed to each paragraph of complaint; these were overruled. Appellant filed an answer in general denial, also an amended second paragraph of answer, to each paragraph of complaint. The facts alleged in both of them were substantially as follows: That the policy sued upon contained the following condition precedent: "No obligation is assumed by the company unless on the date and delivery hereof

the insured is alive and in sound health." That at that time the insured was not in sound health, but was suffering from cancer of the uterus; that from May 5 to 24, 1927, she had been a patient in a hospital for treatment for that disease; that insured died on October 15, 1928; that appellant thereafter learned that insured was not in sound health on the date and delivery of the policy, and in December, 1928, refused to pay said policy because of failure to comply with said condition precedent; that on December 27, 1928, appellee brought suit in the Clark Circuit Court against appellant on said policy; that appellant elected to avoid said policy because of failure of insured to comply with the terms thereof, tendered to appellee the premium and interest thereon, which was refused; paid same into the clerk of the Clark Circuit Court, where it had since remained; that thereafter on March 26, 1929, and within two years after the date and delivery of the policy of insurance sued upon, appellant filed its answers to the amended complaint in said cause, a copy of this answer containing practically the same facts above stated was set out; that said answer was not withdrawn or stricken from said cause, but remained on file until appellee dismissed said action without prejudice in October, 1929; that the complaint in the present cause was on the same policy stated in the cause formerly dismissed. To each of these special paragraphs of answer appellee filed a reply in general denial. She also filed an amended second paragraph of reply to appellants' amended second paragraph of answer to appellee's first paragraph of complaint, and an amended paragraph of reply to appellant's amended paragraph of answer to appellee's second paragraph of complaint. These special paragraphs of reply were quite similar and alleged facts substantially as follows: That appellee admitted that the insured had a policy of insurance in appellant company;

that before said policy was issued insured answered certain questions contained in appellant's application for insurance dated July 15, 1927 (which is made an exhibit), propounded to her by an agent of appellant, which answers were supposed to be written in the application by such agent at the time of its execution; that insured was informed by appellant's agent that as a matter of form she would be required to make written application for insurance and to answer questions in the application; that said agent being familiar with such matters would fill out the application and write the answers to questions therein; that said agent did write the answers without the insured having knowledge what the answers contained; that thereafter said agent presented the application to insured for her signature, informing her that he had written the answers to questions correctly as stated by insured; that she, being unable to read or write, accepted the agent's statement as true and signed her name by mark to the application without knowing its contents or having it read or explained to her by the agent; that insured truthfully answered all questions asked her by said agent about her past and present physical condition, her past sickness, her having been in a hospital, the times she had been treated by physicians and what they told her was the matter with her; that she did not conceal any fact known to her concerning her past or present physical condition, or that she had been in a hospital; that said agent announced that insured was a good risk; that said application was referred to appellant's medical examiner; that she answered all questions propounded by him truthfully; that on July 15, 1927, he examined insured, found her to be in good health and safely insurable, and on said day appellant issued to insured the policy of insurance sued upon in appellee's complaint; that the insured understood that appellant's agent had

written the answers to the questions in the application truthfully as given him by her; that neither the insured or appellee had any knowledge to the contrary until the filing of appellant's answer; that the appellant issued the policy and collected premiums thereon until death of the insured, with full knowledge that she had been in a hospital prior to making application for same, and that she had been treated for cancer of the uterus; that appellant thereby waived any objections to acceptance of the insured by reason of any false answers given in the application for said policy and was estopped to set up such matter as a defense; that she had no knowledge of having any disease at the time the policy was delivered. Motions to make each of those special paragraphs of reply more specific were overruled. Demurrers for insufficient facts were overruled. Upon the issues as thus outlined the cause was submitted to a jury for trial, a verdict was returned for the appellee on both paragraphs of complaint, motion for a new trial was overruled, judgment was rendered on the verdict for appellee.

The several rulings above indicated are each challenged by appellant's assignments of error and are relied on for reversal.

The first four assignments of error question the ruling of the trial court on appellant's motions to make each paragraph of complaint more specific and its demurrers for sufficiency of facts. Sec. 394 Burns 1926 provides that: "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege generally that the party performed all the conditions on his part. If the allegations be denied, the facts showing a performance must be proved on the trial." An allegation of performance substantially as set forth in the above section of our code of civil procedure has been held sufficient by our courts

in actions on insurance policies. *Continental Life Ins. Co.* v. *Kessler* (1882), 84 Ind. 310; *Louisville Underwriters* v. *Durland* (1889), 123 Ind. 544, 24 N. E. 221; *Modern Woodmen* v. *Noyes* (1901), 158 Ind. 503, 64 N. E. 21; *Fireman's Fund Insurance Co.* v. *Finkelstein* (1904), 164 Ind. 376, 73 N. E. 814; *Fletcher Savings & Trust Co.* v. *American Surety Co.* (1931), 92 Ind. App. 651, 175 N. E. 247; *Supreme Tent, etc.*, v. *Ethridge* (1908), 43 Ind. App. 475, 87 N. E. 1049.

Complaint is made of the action of the court in overruling appellant's motions to make appellee's special paragraphs of reply to appellant's two special paragraphs of answer more specific and in overruling appellant's demurrers to the same paragraphs of reply. In its second paragraph of answer, as heretofore set out, appellant alleged that the two policies of insurance sued upon contained the following condition precedent, namely: "No obligation is assumed by the company unless on the date and delivery hereof the insured is alive and in sound health"; that she was not in sound health at the date and delivery of the policy, and appellant therefore elected to avoid it.

The burden of proving the facts pleaded in these paragraphs of answer was on appellant. *John Hancock Mutual Life Ins. Co.* v. *Daly* (1878), 65 Ind. 6; ██ *The National Benefit Association of Indianapolis* v. *Grauman* (1886), 107 Ind. 288, 7 N. E. 233; *Louisville Underwriters* v. *Durland, supra; Modern Woodmen* v. *Noyes, supra.* The replies to which the motions and demurrers were directed were pleaded in avoidance of the new matter contained in the answers. The facts therein pleaded, if proven, were set out with adequate certainty and sufficiency to avoid the answers. "The material fact is, did the assured disclose the truth at or before the making of the application, or did he deceive appellant with a falsehood? The

precise formula of words used, or the precise hour of disclosure, is not material." *The Germania Life Insurance Company* v. *Lukenheimer* (1890), 127 Ind. 536, 26 N. E. 1082; *Michigan Life Insurance Co.* v. *Leon* (1894), 138 Ind. 636, 37 N. E. 584; *Stenger* v. *Metropolitan Life Insurance Co.* (1921), 77 Ind. App. 523, 123 N. E. 418; *Western & Southern Life Insurance Co.* v. *Ross* (1930), 91 Ind. App. 552, 171 N. E. 212.

The last error assigned is the overruling of appellant's motion for a new trial. Among the causes assigned for a new trial and discussed by appellant in its brief are the following: The verdict of the jury is not sustained by sufficient evidence, the verdict of the jury is contrary to law, the assessment of the amount of recovery is too large, the refusal of the court to instruct the jury to return a verdict for appellant at the close of appellee's evidence, and refusal of the court to instruct the jury to return a verdict for appellant at the close of all the evidence. We will discuss them together. There was no error committed by the court in overruling the motion for any of the above causes. There was ample evidence to entitle the cause to go to the jury. At the request of appellants the court submitted interrogatories to the jury to be answered and returned into court in the event it agreed upon a general verdict. From the answers made by the jury to these interrogatories the following facts can be summarized: That Louise Humes was a patient at the Clark County Memorial Hospital; that she did not receive radium treatment for cancer of the uterus while there; that she did not die of that disease; that while in the hospital she was not suffering from such disease which at the time had developed to an incurable stage; that she did not have cancer; that at the date and delivery of both policies sued upon she was in sound health; that at the time she executed the

applications for insurance she did not inform agents of appellant that she was suffering from said disease; that said agents were not informed of any such fact, and that appellant did not acquire knowledge of any such fact before her death. The evidence supports the answers to these interrogatories. These answers are not in irreconcilable conflict with but support the general verdict of the jury. Appellant did not file a motion for judgment on the interrogatories *non obstante veredicto*.

The insured was furnished with receipt books in which the payment of premiums was entered. When proofs of death were made by appellee, upon request of appellant, these receipt books were delivered to it, and were in its possession at the time of the trial. At the trial witnesses were permitted to testify to the fact that all premiums due were paid at the time of insured's death. Objection was made to this evidence on the ground that the witnesses were testifying to the contents of a written instrument; that the receipt books were the best evidence; that their absence had not been accounted for and no notice had been served upon appellant to produce them for the trial; that therefore no foundation had been laid for secondary evidence of their contents. If appellant was in position to interpose this objection it was not tenable. The witnesses were not asked to testify to the contents of the receipt books, they were only asked to and did testify to a fact within their own knowledge. This was not error.

Appellant predicates error upon the refusal of the court to permit certain doctors, who treated Louise Humes in their professional capacity, to testify regarding facts which they learned concerning her health while thus engaged. In the applica-

tion for the policy sued upon in appellee's second paragraph of complaint, the insured waived the privileged character of all information whenever and however acquired concerning her state of health. This waiver was not contained in the application for the policy sued upon in the first paragraph of complaint. The questions propounded to the witnesses and the offers to prove were not limited to the second paragraph of complaint, but were addressed to the first paragraph of complaint also, which was on a policy to which the waiver did not apply. While this evidence might have been competent as applied to the second paragraph of complaint it was not competent as applied to the first paragraph of complaint. "When competent and incompetent evidence is blended together and offered as a whole, it is not error to sustain an objection to the whole." *Jose* v. *Hunter* (1915), 60 Ind. App. 569, 103 N. E. 392; *Lake Erie & Western R. R. Co.* v. *Howarth* (1920), 73 Ind. App. 454, 124 N. E. 687.

Several causes for a new trial are based upon the giving of certain instructions, which were tendered by appellee. At the request of appellant the court gave to the jury twenty-five instructions, while, of the instructions tendered by appellee, the court gave seventeen to the jury. We have given consideration to all the instructions given in the cause at the request of both parties, and while the statements contained in some of them may not be commended without reservation, taken as a whole, they fully and completely stated the law on every phase of the case in such manner that the jury was evidently not misled or confused to the prejudice or injury of appellant.

Finding no error the judgment is affirmed.